### JANE HEATHERINGTON v. ISAAC LEWENBERG ET AL.

1. WILL. *Pecuniary legacy. Real estate when chargeable.*
   When a testator devises both real and personal estate to a residuary legatee, making no discrimination between the two classes of property, but massing the two together as a common whole, the realty, like the personalty, is charged with the payment of prior pecuniary legacies. *Knot* v. *Bailey*, 54 Miss. 235, approved.

2. SAME. *Annuity. Legacy.*
   When an annuity springs alone from a will, and is given by it, it is a legacy.

3. NOTICE. *Innocent purchaser. Pleading.*
   The holders of land charged with the payment of an annuity cannot in a proceeding by the annuitant seeking to enforce the charge set up by demurrer that they are innocent purchasers without notice, (1) when the bill charges actual notice, (2) because the defense should be by plea, (3) when they trace title through the residuary clause of the will.

4. ANNUITY. *Personal bond of residuary legatee. Collateral security. Chancery pleading.*
   When the bill which is demurred to recites that a personal bond taken for the annuity was received as collateral only to the liability of the executor to pay the annuity out of the estate, it must be so taken in the absence of anything in the decree confirming it, to negative such averment.

APPEAL from the Chancery Court of Adams County.

HON. RALPH NORTH, Chancellor.

The appellant filed her bill in the court below against Metcalf, administrator *cum testamenti annexo* of Anthony Smith, and the appellees, who are in possession of certain lands, as owners devised by said Anthony Smith, subject, as the bill alleges, to the charge of a legacy in the form of annuity, bequeathed to her by the will of said Anthony Smith. It is alleged that the lands sought to be subjected to the payment of the annuity are comprised in the residuum devised and bequeathed to John Robson by the seventh clause of the will.

There were several money legacies given by the will. The fifth clause of which is as follows: "To Jane Heatherington I *bequeath* the sum of one hundred dollars *as an annuity*, to be paid quarterly each year during her life and after her death to her children." The seventh clause of the will is as follows: "I give, bequeath, and devise to John Robson all the remainder of my property, real and personal, after the above legacies are fully paid by my executors," etc., etc.

Anthony Smith died in 1852, and his executor, Lewis Pipes, father of the appellee Lewis Pipes, proved the will and entered on the execution of it in May of that year. Anthony Smith, the testator, owned a large estate in lands, the principal part of which was in a plantation near Natchez, on Sandy Creek, and called Sandy Creek Plantation, or Smithland, etc., etc. The personal estate was appraised at twenty-three thousand and forty-one dollars. The amount of his debts does not appear.

Pipes, the executor, applied to settle his accounts and for a discharge in June, 1859. From the decree allowing his account and discharging him, it appears that he had paid all the debts and delivered and paid all the legacies save the accruing annuity, paying that up to the time of settlement, the decree reciting these facts, and that it appeared that the "representatives of John Robson," the residuary legatee, "have secured by bond the further payment of said annuity."

The bill states that the three children of John Robson, the

legatee, within six months after the settlement by Pipes, conveyed to him the Sandy Creek farm, nine hundred acres, with the stock, mules, horses, cattle, etc., and that this personal estate was all the personalty that remained of Anthony Smith's estate at the time of the settlement. These children also, in May, 1859, conveyed a tract of eight acres to one Ferrall, whose descendants now possess it.

Both these conveyances refer to the will of Anthony Smith as the source of title. Lewis Pipes, the executor, died in 186–, and his real estate was divided, and that part which came from Anthony Smith's estate was allotted to Lewis Pipes, Jr., his son, who conveyed part of it to Fleming, part to Willis Carter, part was sold to Lewenberg under a deed of trust given by Lewis Pipes, part to Botto, part to Henry Scott, part to Nelson, and part not sold. The purchasers from Robson's heirs and from Pipes are charged with actual notice of the will and the right of complainant. The bill alleged that the legacy was paid up to July, 1862, from which time nothing has been paid. The complainant insists that the bond "filed in court" by the heirs of the deceased John Robson, residuary legatee, is at most but collateral security, and did not affect her lien; that she was at the time of the making of the will a married woman and has continued to be ever since, the wife of Heatherington.

*W. P. & J. Harris* and *James G. Leach,* for the appellant.

1. The annuity to Jane Heatherington is a charge on the land devised by the residuary clause. The rule is stated with emphasis by Lord Campbell: "For more than a century the rule has been acted upon, that if there is a general gift of legacies, and then the testator gives the rest and residue of his property, real and personal, the legacies are to come out of the real." *Greville* v. *Brown,* 7 H. L. C. 697. To the same effect is *Knott* v. *Bailey,* 54 Miss. 235. The fact that the will contains antecedent devises of real estate has no influence. The fact was so in *Knott* v. *Bailey* and in the case cited there, *Lewis* v. *Darling,* 16 How. 10. Nor is the rule varied by a direction that the legacies are to be paid by the executor. The direction is surplusage. *In re Brooke,* 3 Cha. Div. 630 ; 3 Jarman Wills 431. In the case of *In re Brooke,* Jessel, M. R., overruled the point though it was pressed in the case. The

annuity is a legacy.    Hawkins Wills 298; *Lapham* v. *Clapp*, 10 R. I. 542.

2. The execution and filing of the bond by the representatives of the residuary legatee did not displace the charge on the land imposed by the will.    The court had no power to require it, or, it should be said, the court could not substitute a personal obligation for the lien created by the will. 7 How. Miss. 45.

3. The defense of *bona fide* purchaser cannot be urged: 1, because the bill charges notice and the recorded will is notice; 2, the defense must be by plea or answer.

*Martin & Lanneau,* for the appellees.

1. If a testator directs a particular person to pay he is presumed in the absence of another circumstance to intend him to pay out of the funds with which he is intrusted and not out of funds over which he has no control.    If the executor is the person who is required to pay, that excludes the presumption that other persons not named are required to pay.    2 Story Eq. Jur., § 1247; 3 Jar. on Wills 414, and authorities cited.    See also *Keeling* v. *Bronen,* 5 Vesey 359.    If the executor is devisee of real estate a direction to him to pay debts or legacies would charge the land.    3 Jar. on Wills 416.    In this case the executor was not the devisee of real estate. Land devised is not liable for the payment of legacies unless so charged, either expressly or by necessary implication.    3 Jar. note on 423 and 424, and authorities cited.    To charge the payment of a legacy upon testator's real property the intention must clearly appear.    See 3 Jar. on Wills 424 and note and authorities cited.    The seventh clause of the will shows conclusively that the testator never designed the payment of the annuity by any other person than the executor.    There was as full a payment of the annuity as could be made by the executor up to the time of his discharge, and full security given for the future payments of the installments of the annuity.    Upon principle and authority we think the decree below was correct.

CHALMERS, J., delivered the opinion of the court.

The question which underlies this case as agreed by both par-

ties is this: When a testator devises both real and personal estate to a residuary legatee, making no discrimination between the two classes of property, but massing the two together as a common whole, is the realty, like the personalty, charged with the payment of prior pecuniary legacies? This question is answered in the affirmative by the case of *Knotts* v. *Bailey*, 54 Miss. 235. We see no reason to doubt the correctness of that decision, and it is decisive of the present case. Because the language of the residuary clause is, "I give, bequeath, and devise all the remainder of my property, real and personal, after the *above legacies* are fully paid," it is argued that the intention was to create a charge upon the land only as to "the *legacies*" technically so called, and that the trust did not embrace the "claim" sued for here, which in the will is styled "*an annuity*," and not a "legacy." This distinction cannot be maintained. While the two words under many circumstances may have different meanings, they have not here. A man may purchase an annuity which is not a legacy, yet where an annuity springs alone from a will, and is given by it, it is a legacy; and we think that if any argument is to be drawn from the fact that it is only expressly declared in this will that the legacies are to be paid, the inference is rather against than in favor of the residuary legatee, since it might with some plausibility be said by the annuitant that the intention was that the legacies were to be paid at once out of the personalty, leaving the annuity which was to be enjoyed for two generations to rest upon and be protected by the large landed estate devised. It could scarcely have been intended by the testator that the personalty should be tied up indefinitely to meet the yearly demands of the annuitants, whose rights would be sufficiently and more appropriately secured by the land.

2. The present holders of the land cannot set up now the defense of innocent purchasers without notice for several reasons: (1) The bill which is demurred to alleges that they had actual notice; (2) the defense, if available at all, must be pleaded; (3) tracing title, as they must, through the residuary clause of the will, they are bound by it and its legal meaning.

3. Neither can they set up by demurrer the fact that the annu-

itant heretofore accepted the personal bond of the residuary legatee in lieu of her charge upon the land. The bill charges and the demurrer admits that "said obligation was only intended by the obligor to be collateral to and independent of complainant's lien on the property of said estate to secure the payment of said annuity." If this was the obligation, the decree of the probate court, admitting that that court had jurisdiction over the matter at all, did not assume to give it any further force, and as thus stated, it clearly did not displace the charge executed by the will.

*Decree reversed, demurrer overruled, and sixty days given to answer.*