## Richmond.

### LEE v. LEE.

#### February 18th, 1892.

1. LEGACIES—*Land—Intention—Abatement.*—Testator may charge legacies on land expressly or by implication, but the intention must be clear. Where land is not so charged, and there is a deficiency of personalty, the legacies must abate to the extent of such deficiency.

2. WILLS—*Construction—Legacies—Charges—Case at bar.*—Testator by will had given one of his sons a tract of land. Since making the will, the house on the land had been destroyed by fire. By codicil he then bequeathed to that son, "out of any money due and belonging to my estate," a sum to rebuild the house;

HELD:

The legacy was not a charge upon any of testator's lands.

3. IDEM—*Residuary clause*—Where by the clauses of the will prior to the residuary clause, which provides that the remainder of the estate, real and personal, be equally divided, &c., no general legacies, but only specific devises, are given;

HELD:

Testator meant the residue after deducting what had been specifically given, and not the residue after the payment of the general legacies.

Appeal from decree of circuit court of Warwick county, rendered March 29th, 1889, in a cause wherein the appellant, William Lee, was complainant, and R. H. Lee and others were defendants. Opinion states the case.

*Sydney Smith*, for appellant.

*J. F. Hubbard, W. G. W. Farthing* and *L. C. Bristow*, for appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit in the circuit court of Warwick county for a construction of the will of William Lee, deceased, and to recover a legacy thereunder. The will is dated September 4, 1861, and disposes of the estate as follows :

By the first clause the testator devised to his son, Robert, a tract of land upon which the latter at the time resided. By the second and third clauses he devised to his son, William, the appellant here, a certain other tract, called "the Home farm." By the fourth clause he directed the residue of his estate, real and personal, to be equally divided among his children, of whom there were ten, including the appellant. By the fifth clause he gave a legacy of eight hundred dollars for the education of his youngest daughter, Fannie, which clause was construed by this court in *Lee* v. *Smith*, 84 Va. 289. And by the sixth clause he made provision for the payment of an annuity of four hundred dollars to his wife, as stipulated for in an ante-nuptial contract.

Some time after the date of the will, the buildings on the home farm were destroyed by the Federal army; after which— to-wit., on the 17th of November, 1862—the testator added a codicil to his will. In the codicil, after mentioning the fact of the destruction of the buildings, he says : " I give to my said son, William, out of any money due and belonging to my estate, the sum of fifteen hundred dollars, for his use, to enable him to build on the said farm, which I leave to him, such house as he may deem necessary for his comfort and convenience."

The testator died in 1863.

The bill, which was filed in the court below by the appellant, alleges that the personal assets of the estate have been exhausted in paying debts, the annuity in favor of the widow, and the legacy to Fannie Lee, and that consequently the real estate devised by the fourth or residuary clause is subject to

the payment of the legacy bequeathed by the codicil, above mentioned. It also states that the real estate devised by that clause has been sold, and that the proceeds of sale are now under the control of the court in another suit pending therein; and the prayer of the bill is that payment of the appellant's legacy be decreed out of this fund.

There was a demurrer to the bill, which was sustained by the decree complained of.

We are of opinion that the decree is right. There is nothing in the will itself, or in the circumstances surrounding the testator when the instrument was executed, for aught that is stated in the bill, which gives any color to the construction that the legacy was intended to be a charge on the land. As a general rule the personalty is not only the primary but the only fund for the payment of legacies. The testator, however, may charge the land, and this may be done either expressly or by implication; but in any case the intention to charge must be clear— so clear as to admit of no reasonable doubt. Hence, when the land is not charged and there is a deficiency of personalty, the legacies abate to the extent of such deficiency. *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Crouch* v. *Davis*, 23 Gratt. 62.

A distinction has always been recognized between charging land with debts and with legacies. As to the former, the courts have gone on a slight implication and moral principle; but as to legacies there must be a clear, manifest intention that the devisee or heir shall take subject to the legacies. 2 Lomax, Ex'ors, 86; *Swift* v. *Edson*, 5 Conn. 531. Thus, in *Kighly* v. *Kighly*, 2 Ves., Jr., 328, the testator directed the legacies to be "fully paid," yet they were held to be no charge on the land, in default of the personal estate.

In the present case the testator, when the will was made, was possessed of a large and valuable estate. The realty consisted of several plantations, and the personalty of stock on these plantations, slaves, *choses in action*, etc. It is not stated

in the bill, that he was at the time indebted to any considerable extent, and the fair inference is that the personalty was ample to pay the debts and legacies. Nor does the record disclose any change in the condition of the estate, or the pecuniary circumstances of the testator, between the date of the will and the 17th of November, 1862, when the codicil was added, except the destruction of the houses mentioned in the codicil.

It is fair, therefore, to infer that when the testator directed the appellant's legacy to be paid "out of any *money* due and belonging to" his estate, the fund he had in view was the personalty only. The language he uses is certainly more consonant with that idea than with an intention to charge the realty, which he had previously disposed of to his children, especially as the appellant (as it would seem) had already been bountifully provided for by the devise of the home farm. Nor does the fact that the legacy was intended to be used in building a house on the farm affect the case. At all events the intention to charge the land, if such an intention existed, is not clearly manifested, which, in the result amounts to the same thing.

The position that by the fourth clause of the will the residue of the realty and personalty is blended together in one fund for the payment of debts and legacies, is untenable. The case is obviously not within the rule stated by Judge Staples in *Crouch* v. *Davis, supra,* where he said :

"Where pecuniary legacies alone are first given, and no part of the real estate is specifically devised, and there is a residuary clause, devising and bequeathing the residue of the real and personal estate, this operates to charge the entire property with the legacies."

This well-established rule of interpretation is founded on the idea that in such a case the "residue" can only mean what remains after satisfying the previous gifts. It is like the case where a testator directs his debts and legacies to be first

paid, and then devises real estate; or where he devises the remainder of his estate, real and personal, after payment of debts and legacies; or devises real estate after payment of debts and legacies. In these cases the real estate is charged, because such is the manifest intention of the testator. Hill, Trustees, 360; *Lewis* v. *Darling*, 16 How. 1; *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Wood* v. *Sampson*, 25 Gratt. 845; *Downman* v. *Rust*, 6 Rand. 587.

But the present case is very different. Here no legacies are given in the will prior to the residuary clause, and, moreover, by the previous clauses there are specific devises of real estate. Hence, when the testator said, "I desire the remainder of my estate, real and personal, to be equally divided," etc., he meant the residue of what had not before been specifically disposed of, and not the residue after the payment of legacies, except the legacy to his daughter Fannie. Nor is there anything in the codicil manifesting a change of intention in this particular. *Lee* v. *Smith*, 84 Va. 289; *Lupton* v. *Lupton*, 2 Johns. Ch. 614.

The circuit court, therefore, rightly held that the legacy in question was payable out of the personalty only, and that it constitutes no charge on the realty devised by the residuary clause; and as it appears that there is now pending in the court below a suit, to which the appellant is a party, for the settlement of the testator's estate, and in which suit all the relief to which he is entitled can be obtained, it was also right to dismiss the bill, as was done by the decree complained of.

DECREE AFFIRMED.