JULIETTE MOREY, Appellant, v. GIDEON MOREY *et al.*

**Wills:** CONSTRUCTION: *Dower and legacies.* A testator died seized of two tracts of land, one of 80 acres and another of 90 acres. He devised a life estate in both tracts to his surviving wife, and died without issue and leaving no heirs, save for his wife and his father. The wife acquired the fee title to the 80 acre tract by deed from the father. The personal property was also bequeathed to the wife and two specific cash legaces were created by the will. The remainder of the 90 acre tract was in two nephews, the remainder in the 80 acre tract was not disposed of by the will. *Held,* (a) although the 90 acre tract with the remainder in the nephews, containd the dwelling house, the widow, since she had become the owner of the other tract in fee, could not have her dower to the whole 170 acres, carved out of the 90 acre tract alone; (b) as the will gave the wife the personal property and left noth-

2  ing undisposed of by will except the remainder in the 90
acre tract, the specific legacies were chargeable upon that tract.

*Appeal from MitchellDistrict Court.*—HON. C. H. KELLY,. Judge.

FRIDAY, JANUARY 25, 1901.

ONE Hiram A. Morey died in 1884, having executed a. will, the significant portions of which are as follows: "(1) I will and bequeath to my wife, Juliette Morey, all of my personal property, and the use of the north ninety acres of the southeast quarter of section thirty-four, and the south half of the northwest quarted of section thirty-five, all in township ninety-nine (99) north, of range fifteen west of the 5th principal meridian, so long as she may live; and at her death, I will and bequeath (2) to my niece Almira Morey three hundred dollars. (3) I will and bequeath to. my niece Estella Morey three hundred dollars. (4) I will and bequeath to my two nephews, Gideon and Gilbert Morey the balance that may be left of the ninety acres above. described; also the balance of any personal property that may be left in the hands of my wife at the time of her death." This will was probated in 1884, and in pursuance of its provisions the executor paid over to plaintiff, who is the surviving widow, all the personal assets of the estate,. taking a receipt therefor. Plaintiff has also been in occupancy of the land described in the will from the death of testator until the present time under her right as life tenant. Testator left no issue, and his sole surviving heir was his. father, who in 1893 conveyed to this plaintiff his interest as. heir in the 80-acre tract in which she has a life estate. In this action it is sought to obtain a construction of the will as to the devisees and legatees therein named other than plaintiff, who are made defendants, and to have plaintiff's dower set out in fee in the 90-acre tract, the "balance" of which beyond plaintiff's life estate is by will given to Gideon

Morey and Gilbert Morey. The court ordered one-third in value of the 90-acre tract to be set off to the widow in fee, appointing referees for that purpose, and made the legacies to Almira Ripley and Estella Haigh (named in the will as Almira Morey and Estella Morey) charges upon the 80-acre tract, the fee title to which is now in plaintiff. Plaintiff appeals, questioning the correctness of the decision in each of these respects.—*Affirmed.*

*Sweney & Lovejoy* for appellant.

*W. L. Eaton* for appellees.

McCLAIN, J.—I. It is conceded that the plaintiff is entitled to dower in addition to the life estate, and the only controversy in that respect is as to the method in which dower is to be set off. Plaintiff contends that she is entitled to have her dower interest in the entire 170 acres set apart to her in one tract, so as to include the "dwelling house given by law to the homestead" (Code, section 3367), which dwelling house is on the 90-acre tract, and that therefore the court should have ordered so much of the 90 acres to be set apart to her as would equal one-third in value of the entire 170 acres, and that the devisees of the remainder in the 90-acre tract would have no cause to complain thereof. It seems to us, however, that the decree of the court is correct in this respect. The devisees of the 90-acre tract and the heirs (the father and the plaintiff to the extent to which her one-half interest in the absence of issue exceeded her on-third dowr interest) all took subject to the widow's dower right. In a sense, this dower right was an incumbrance upon all the real estate; and while the widow, no doubt, had the right to take her dower in one lump, the devisees from whom it was taken are not bound to sustain the entire burden of the extinguishment of such incumbrance. If the incumbrance had been a mortgage instead of a dower right, there would be no question what-

ever. It is well settled that those who take similar interests in real estate on the death of the owner can compel claims on the property to be satisfied *pari passu,* and if one of them is compelled to satisfy such a claim he has a right of contribution from the other. Now certainly the heirs inheriting the remainder in the 80-acre tract had no higher right than the devisees taking the remainder in the 90-acre tract. The devisees do not contend that the entire dower interest should be taken out of the 80-acre tract, and certainly, on the other hand, the heirs (whose rights are now consolidated in plaintiff) could not insist that the entire incumbrance should be satisfied out of the 90-acre tract. If any authority is necessary for this propostion, it may be found in *Livingston v. Livingston,* 3 John. Ch. 148; *Griswold v. Bigelow,* 6 Conn. 258; *Davis v. Vansands,* 45 Conn. 600; *Cook v. Cook,* 92 Ind. 399; *Shillito v. Shillito,* 160 Pa. St. 167 (28 Atl. Rep. 637); *Gallagher v. Redmond,* 64 Tex. 622; *Chase v. Lockerman,* 11 Gill & J. 185; and *Taylor v. Taylor,* 8 B. Mon. 419. And this doctrine has been specifically applied in a case like the one at bar, where the dower interest of the widow in two tracts of land willed to different devisees was set off to her entirely out of one of the tracts. *Eliason v. Eliason,* 3 Del. Ch. 260. Such a doctrine is recognized also in *Tomlinson v. Bury,* 145 Mass. 346 (14 N. E. Rep. 137). Now, if the heirs owning the remainder in the 80-acre tract would be liable to contribution to the devisees of the remainder in the 90-acre tract, to the extent to which a charge of dower resting upon the 80-acre tract should be satisfied by the setting apart of property out of the 90-acre tract, then plainly this plaintiff, who is now the owner of the 80-acre tract, cannot ask that any more be set apart to her out of the 90-acre tract than is necessary to satisfy her dower claim with reference to that tract; for it would be absurd to set apart her dower interest in 170 acres out of the 90-acre tract, and then compel the devisees to

seek contribution against her to the extent to which dower might have been set out to her in the 80-acre tract, for she now has the entire 80-acre tract in fee simple. This consideration satisfies us that the decree of the lower court in this respect was just.

II. Appellant contends that the court erred in decreeing that the bequests of $300 each to Almira and Estella Morey shall be charges upon the 80 acres in plaintiff's hands. In the absence of any provisions of the will, a legacy is payable out of the personal estate only. *Reynolds v. Reynolds' Ex'rs,* 16 N. Y. 257. And, while it is true that such provision may be implied, yet the implication must arise out of the language in the will, and not by reason of the mere circumstances of the parties, such as that there is no personal estate from which the legacies can be paid. *Wright v. Page,* 10 Wheat. 204, 229; *Lewis v. Darling,* 16 How. (U. S.) 1, 10 (14 L. Ed. 819); *Montgomery v. McElroy,* 3 Watts & S. 370; *Okeson's Appeal,* 59 Pa. St. 99; *Penny's Appeal,* 109 Pa. St. 323; *Hoyt v. Hoyt,* 85 N. Y. 142. In *Wentworth v. Read,* 166 Ill. 139 (46 N. E. Rep. 777), the court uses this language: "It is not claimed that the will upon its face either expressly or impliedly provides for such lien or charge, but it is insisted that the will should be read in the light of extrinsic facts and circumstances which existed when it was made and when it took effect, and which were well known to the testator, and that when so read and construed the implication arises that the testator intended to charge these legacies upon his real estate. It is, however, well settled that the intention of the testator must be determined by the will itself, and not from evidence aliunde. There is no latent ambiguity in the will, requiring parol evidence to explain it; and where the intention to make the legacies a charge upon the real estate is not expressed in the will, or cannot be implied from the language used, we know of no rule of

law which would authorize us to go outside of the will to look for proof of such intention." It may be difficult sometimes to determine whether a charge upon the land is implied from the language used. The provisions of this will which we think controlling in this respect are that testator disposes of all his personal property to his wife, leaving, therefore, no personalty out of which the legacy can be paid, and also mentions a tract of land (the 80-acre tract) in which he gives to his widow a life interest, without disposing of the remainder. It appears, therefore, from the will itself, not only that the legacies could not be paid out of the personalty, but also that he had no intention to otherwise dispose of the remaining interest in this tract; and we think it must be inferred, in order to give effect to these legacies, that he intended ther payment from this portion of the real estate. In *Clery's Appeal,* 35 Pa. St. 54, the will which was to be construed contained a bequest to testator's wife of all his personalty, and a devise to her of a life estate in all his realty; also a devise of the remainder in one specified parcel of realty to certain devisees; and it was held that other legacies were thereby impliedly charged upon the remainder of the realty not otherwise disposed of. That case is very similar to the one we have before us, and we think it clearly supports the conclusion we reach, that the language of the will itself by implication makes the legacies in question chargeable upon the remainder in the 80-acre tract. This result gives effect to all the provisions of the will, and no other construction can be put upon it which does not defeat some of its provisions.—Affirmed.