E. R. Lacey, Executor of the Estate of John L. Collins, deceased, v. Margaret M. Collins, Appellant.

Wills: LEGACIES: PAYMENT FROM REALTY. Where the intention of a testator to charge his realty with the payment of legacies is clearly deducible from the language of his will it may be resorted to for that purpose, although omitting to expressly so direct, in the absence of sufficient personalty; and a general pecuniary legacy together with a gift of the residue of the entire estate conclusively manifests an intention to charge the real estate as well as personalty.

*Appeal from Louisa District Court.*— Hon. W. S. Withrow, Judge.

Tuesday, June 4, 1907.

The will of John L. Collins, with a codicil attached, was admitted to probate March 29, 1904, and, in so far as material to this controversy, was in words following:

First.  I desire that all my just debts be paid including my funeral expenses.

Second.  I bequeath and devise to my daughter, Margaret M. Collins (legally adopted by my wife and myself, her former name being Rebecca Crilley), all the remainder of my property of every kind, both personal and real, to have and to hold and do with as may seem best by her, and she shall be my sole legatee.

Third.  I desire, and do hereby nominate and appoint E. R. Lacey as my executor of this my last will and testament, and to give such bond as the court may direct.

Fourth. I desire that the Independent Order of Odd Fellows of Columbus Junction, Iowa, shall take charge of my remains and direct the funeral services.

Fifth. I desire that a suitable tombstone to be placed at the grave of myself and wife, not to exceed the sum of one hundred dollars each, and on my monument I desire to have the Emblem of the I. O. O. F. and to be similar to that of R. Caldwell's monument in the Columbus City Cemetery.

## Codicil.

I, John L. Collins, hereby amend my will heretofore made, by adding this as a codicil, to wit: I give and bequeath my sister Ellen Collins, ($1,000.00) one thousand dollars, to be paid her by my executor, and except for this change, I readopt my former will.

E. R. Lacey was duly appointed executor of the estate and in August, 1905, filed his report, and a few days later applied to the court for an order to sell certain real estate to procure funds out of which to pay the legacy of Ellen Collins. To this Margaret M. Collins objected, on the ground that real estate is not liable, under the terms of the will, for the payment of the legacy. On hearing the sale was ordered as prayed. Margaret M. Collins appeals.— *Affirmed.*

*E. B. Tucker* and *L. A. Reiley,* for appellant.

*C. A. Carpenter,* for appellee.

LADD, J.— The sole question for determination is whether the legacy to Ellen Collins is payable out of the real estate of deceased. The personal property left by him was inadequate to meet the indebtedness of the estate and pay the funeral expenses. The will speaks as of the date of the testator's death, and the codicil is to be construed as part of it. Looking thereto, the intention of the testator appears to have been: (1) That his debts, including funeral ex-

penses, be paid; (2) that tombstones be erected at the graves of himself and wife at a cost not exceeding $200; (3) that $1,000 be paid by his executor to his sister, Ellen Collins; and (4) that " all the remainder of my property of every kind, both real and personal," pass to his adopted daughter, Margaret M. Collins. The will recites that " she shall be my sole legatee "; but this was modified by the bequest in the codicil to his sister. It will be observed that the disposition of property is not made in the will in the order above indicated, but as the debts, including funeral expenses, the erection of the monuments and the legacy to the sister are to be paid from the estate, and that left to appellant is designated as " all the remainder of my property of every kind, both real and personal," the intention that the adopted daughter shall take the residuary estate is manifest. See *Kightley v. Kightley,* 2 Ves. Jr. 328. No other inference is reasonably to be drawn therefrom. This being so, we have to say whether it was the intention of the testator to charge his entire estate, regardless of its character, with the payment of the legacy to Ellen Collins. The will contains no express provision to this effect, and, unless such intention is to be implied therefrom, the rule must prevail that, even though the personal estate is insufficient, it is not only the primary, but the only fund to which resort may be had for this purpose. *Morey v. Morey,* 113 Iowa, 152; *Newsom v. Thornton,* 82 Ala. 402 (8 South. 261, 60 Am. Rep. 743); *Montgomery v. McElroy,* 3 Watts & S. 370, (38 Am. Dec. 771); see *In re will of Newcomb,* 98 Iowa, 175. But where such intention is clearly deducible from the language of the will, the realty will be charged with the payment of legacies, notwithstanding the omission to expressly so direct. *Morey v. Morey, supra; Greville v. Brower,* 7 H. L. 703; *Wright v. Page,* 10 Wheat. (U. S.), 210 (6 L. Ed. 303); *McCampbell v. McCampbell,* 5 Litt. (Ky.), 97 (15 Am. Dec. 48); *Knotts v. Bailey,* 54 Miss. 235 (28 Am. Rep. 348); *Thurber v. Battey,* 105 Mich. 718 (63

N. W. 995)'; *McQueen v. Lilly,* 131 Mo. 9 (31 S. W. 1043);
*Evans v. Beaumont,* 16 Lea (Tenn.), 713; *Arnold v. Dean,*
61 Tex. 249; *Lee v. Lee,* 88 Va. 805 (14 S. E. 534); *Van
Winkle v. Van Houten,* 3 N. J. Eq. 172. And where the
legacies are pecuniary and general, and there is a gift of the
residue of the estate, both real and personal, and this is
blended as one mass, the rule prevails that this conclusively
manifests an intention to charge the entire residuary estate,
both real and personal therewith. *Pitkin v. Peet,* 87 Iowa,
268; *Sloan's Appeal,* 168 Pa. 422 (32 Atl. 42, 47 Am. St.
Rep. 889); *Brill v. Wright,* 112 N. Y. 129 (8 Am. St. Rep.
723, 19 N. E. 628); *Knotts v. Bailey, supra; Newsom v.
Thornton, supra; Lewis v. Darling,* 16 How. (U. S.), 1 (14
L. Ed. 819). See numerous decisions collected in 19 Am.
& Eng. Ency. of Law (2d Ed.), 1354 *et seq. Lee v. Lee,*
88 Va. 805 (14 S. E. 534). In the last case sometimes
cited as holding that the rule is different where the bequest
is by codicil, the latter provides for payment " out of any
money due and belonging to my estate," and this was con-
strued to point out the fund from which the legacy was to be
taken. The basis of the rule is that a mixed fund has been
created out of which to pay the legacies. *Tidd v. Lister,* 3
De G., M. & G. 857; *Ellis v. Bartrum,* 25 Beav. 110. It
is not necessary that the word residue be used; it is sufficient
if words of like import and equivalent in meaning, as in
this case, be employed. *In re Hawden,* (1904) 1 Ch. 693;
*Hart v. Williams,* 77 N. C. 426.

Guided by these well-established principles, the dis-
trict court rightly held that the legacy to Ellen Collins was
payable out of the realty, and its order directing the sale is
approved.— *Affirmed.*