## CIRCUIT COURT OF FAIRFAX COUNTY

Alfred M. Palmer

v.

Marie A. Courage et al.

April 8, 1994

Case No. (Chancery) 130270

BY JUDGE GERALD BRUCE LEE

This matter is before the Court following an ore tenus hearing. The issues before the Court are (1) whether Article IV (residuary clause) of the Will creates a charge against the residual real property to pay an unfunded pecuniary legacy; and (2) whether the Testatrix's intent to create a specific pecuniary legacy to charge the residual real property is clear and manifest? Having reviewed the pleadings, memoranda and arguments of both counsel, the Court finds that the Testatrix's intent was to charge the residual real property. Accordingly, the residual real property will be charged for the unfunded pecuniary legacy.

The Court makes the following findings of fact and conclusions of law after having an opportunity to observe the witnesses and to consider the exhibits and arguments of counsel.

Complainant, Alfred M. Palmer, filed a Bill of Complaint for construction of his sister's, Marie Palmer Abell, Last Will and Testament. The Defendant, Marie Abell Courage, is the Testatrix's daughter and acts as family representative, handling rental income from the residual real property for Ms. Courage and her children, the residual heirs under the Will. Mr. Palmer seeks to charge the residual real property with his $50,000.00 pecuniary legacy contained in Article III of the Will. Mr. Palmer moves the Court to:

(1) charge the real estate remaining in the residuary estate;

(2) hold Ms. Courage as a constructive trustee of all funds received by her from the estate and file an accounting;

(3) adjudicate that Ms. Courage wrongfully withheld the funds from the estate and to order her to pay all funds to the Clerk of the Court;

(4) enter judgment against Ms. Courage;

(5) declare that Ms. Courage made two gifts of ten thousand dollars ($10,000.00) each to Mr. Palmer;

(6) order that the real estate be sold if Ms. Courage fails to comply with this Court's order and that the funds are deposited into the Court; and

(7) award Mr. Palmer costs and reasonable attorney's fees. *Bill of Complaint*, Paragraphs A-I.

Mr. Palmer's Bill of Complaint alleges that the Testatrix's Will was probated on September 11, 1990, and no executor qualified. Testatrix had sufficient personal assets to fund pecuniary legacies when the Will was executed March 4, 1981.[1] However, when the Testatrix passed on August 10, 1990, her personal assets were insufficient to pay Mr. Palmer's $50,000.00 pecuniary legacy. Mr. Palmer further alleges that Ms. Courage made two $10,000.00 payments, styled as "gifts" to Palmer while maintaining there were insufficient personal assets to pay Mr. Palmer's legacy.

Commercial land and rents were passed through the residuary clause (residual real property) to Ms. Courage and the Testatrix's grandchildren. The Testatrix entered into a valuable 99 year leasehold of seven-eight lots for commercial real estate development in October, 1979. Plaintiff's Exhibit 1. The commercial land rents are currently in excess of $50,000.00 annually. From the time of the Testatrix's death until the *ore tenus* hearing, Ms. Courage controlled the rental income.

The evidence at the *ore tenus* hearing revealed that the Testatrix made a specific bequest of her residence, 1221 Ingelside Avenue, McLean, Virginia, to Ms. Courage in Article II. In order to pay estate taxes on the residual real property, Ms. Courage sold the residential real estate and used the bulk of the sale proceeds to pay federal estate taxes of $224,321.20 and state estate taxes of $51,521.20. Defendant's

---

[1] In addition to personal assets, the Testatrix collected a note for $125,000.00 on August 27, 1981. The Testatrix received $50,000.00 in cash and took a note for $129,000.00 when she leased the commercial land in October, 1979. Defendant's Exhibit 2.

Exhibit 3 and 4. She also used the rental income from the residual real property to reimburse herself for the tax and expense payments. The Court finds that there was no cash or personal property to pass under the estate at the time of the Testatrix's death.

*Did the testator intend to charge the residuary real estate to fund a pecuniary legacy to her brother where there were no funds in the estate?*

The determination of this matter requires the Court to construe Article IV of Testatrix's Will which states:

> I give, devise and bequeath all of the rest and residue of all of the real, and personal, tangible and intangible, and mixed property which I own at the time of my death to the following persons in the following shares . . . .

Ms. Courage denies that the residuary real property may be charged in this case where the funds were insufficient to pay the pecuniary legacy bequeathed by the Testatrix. Ms. Courage contends that the Testatrix's intention to charge residual real property must be clear as to admit no reasonable doubt. *Lee v. Lee*, 88 Va. 805 (1893). Ms. Courage maintains that the personal property was insufficient in this case and therefore the unfunded pecuniary legacy must fail. Further in the alternative, Ms. Courage asserts that no charge against the residual real property could arise by implication in this case because the Testatrix possessed no personal property to blend with real property in the residuary clause.

Mr. Palmer contends that the language of Article IV of the Will blends Testatrix's real and personal property in the residuary clause. Palmer relies on *Whitehurst v. White*, 160 Va. 859 (1933), where the Virginia Supreme Court held the implication to charge the real estate with specific pecuniary legacies arises whenever the residuary clause combines real and personal property. Palmer further argues that the Court should charge the residual real property because there are no other provisions in the Will or admissible extraneous evidence inconsistent with the implication of this charge.

In construing a will the Court must place itself in the situation of the testatrix at the time of the execution of the will. *Whitehurst*, at 866. The Court should give the meanings and definitions which the testator possibly might have intended. *Id.*, at 866. The general rule in Virginia is that personal property is the only fund for the payment of legacies.

Pecuniary legacies are to be charged against the real estate only by express terms or by clear implication. *Whitehurst v. White*, 160 Va. 859, 867 (1933); *May v. May*, 210 Va. 584, 586 (1970); *Marcy v. Graham*, 142 Va. 285, 296 (1925); *Todd v. McFall*, 96 Va. 754, 757 (1899). Furthermore, a charge upon the residual real property arises by implication of law "where the language of a will combines real and personal property in a residuary clause" if consistent with the will and circumstances. *Whitehurst v. White*, 160 Va. 859, 867 (1933); *May v. May*, 210 Va. 584, 587 (1970); *Marcy v. Graham*, 142 Va. 285, 296 (1925); *Todd v. McFall*, 96 Va. 754, 757 (1899). This implication arises from the testator's blending of real and personal property into a common fund without distinction between them. *May v. May*, 210 Va. 584 (1970); *Whitehurst v. White*, 160 Va. 859 (1933).

The Court finds that Article IV of Testatrix's Will blends the real and personal property into a common fund, and therefore, the Testatrix intended that the residual real property should be charged by the pecuniary legatee. *Whitehurst v. White*, 160 Va. 859 (1933), and *May v. May*, 210 Va. 584 (1970). In *Whitehurst*, the Court ruled that phrases such as, (1) "all the rest and residue of my property and estate, of every kind whatsoever," (2) "all the rest of my estate, real and personal," and (3) "all the remaining estate, property and credits, whether real or personal, which I may own at my death," would charge the residual real property with pecuniary legacies. *Id.* at 867.

Article IV of the Will states in relevant part:

> I give, devise and bequeath all of the rest and residue of all of the real, and personal, tangible and intangible, and mixed property which I own . . . .

Testatrix's language is analogous to the language quoted in *Whitehurst. Id.*, at 867. Specifically, in *Whitehurst*, the Court stated that "rest and residue" could only refer to that from which deductions had been made." *Id.* at 869. Here, the Court finds that the Testatrix blended real and personal property in the residuary clause. Therefore, a charge upon the residuary real property for the satisfaction of the unfunded pecuniary legacy arose by implication of law.

In *May v. May*, the testator included a bank account and real estate, subject to his widow's life estate in the home real estate, in the residuary clause. The Virginia Supreme Court explained that "the will as a whole evidences an intent that the residuary real estate, which was

combined with personal property in the residuary clause, be used to pay any outstanding debts after residual personal property had been exhausted."

In this case, Article I of Testatrix's Will directed the executor to pay debts, funeral expenses, medical expenses, taxes and legal counsel from her estate. "Estate" is a comprehensive term and covers all forms of property. *Neblett v. Smith*, 142 Va. 840 (1925). *Lee v. Lee, supra*, also supports charging residual real property where a testator "devises the real estate, after a direction that debts and legacies be first paid, or previously paid." The Court finds that the Will as a whole evidences an intent to charge the residual real property.

In finding that Testatrix intended to charge the residual real property, the Court must now address the relief requested by Mr. Palmer. First, Mr. Palmer moves the Court to hold Ms. Courage as a constructive trustee of all funds received by her from the estate and file an accounting. In *Leonard v. Counts*, 221 Va. 582 (1980), the Virginia Supreme Court stated: "Constructive trusts are those which the law creates, independently of the intention of the parties, to prevent fraud or injustice." The Court finds that there was no evidence before the court showing any of the elements necessary for the imposition of a constructive trust.

The Court finds that Ms. Courage preserved the residual real property, for her and her children's benefit which is consistent with the Testatrix's intent. Accordingly, the Court denies Mr. Palmer's request to (1) adjudicate that Ms. Courage wrongfully withheld the funds from the estate; (2) enter judgment against Ms. Courage; or (3) order Ms. Courage to sell the residual real property.

Mr. Palmer's claim to charge the residual real estate has merit and therefore, the Court will grant Mr. Palmer's complaint in part and order Ms. Courage to give an accounting of the estate funds. § 8.01–31, Virginia Code (Repl. Vol. 1992 & Cum. Supp. 1993).

Second, Mr. Palmer moves the Court to declare the two payments of $10,000.00 each he received from Ms. Courage as gifts and not a part of his pecuniary legacy. In order to make an *inter vivos* gift, there must be a (1) present intent on the part of the donor to make the gift and (2) actual or constructive delivery as divests the donor of all dominion and control over the property and invests it in the donee; the law does not presume a gift and a person who claims ownership to property by gift must establish by clear and convincing evidence the elements of do-

native intent and actual or constructive delivery. *Dean v. Dean*, 8 Va. App. 143, 379 S.E.2d 742 (1989). The Court finds that Mr. Palmer failed to prove by clear and convincing evidence that Ms. Courage possessed the donative intent to make a gift(s) of $20,000.00 to Mr. Palmer. The Court finds that Ms. Courage made the payment(s) to carry out the Testatrix's intent as expressed in the Will[2] and she did not intend to make a gratuitous gift of $20,000.00 to Mr. Palmer. Consequently, the $20,000.00 payment is credited to Mr. Palmer's $50,000.00 pecuniary legacy and the residual real property is charged with the remaining $30,000.00 due to Mr. Palmer under the Will.

Finally, the Court: (1) appoints Ms. Courage as the executrix of Testatrix's Will conditioned upon full compliance with Va. Code Ann. § 29–59(B) (1992 & 1993 Cum. Supp.); (2) orders that the charge on the real estate is to be paid from the rents of the residual real property or by encumbering the property; and (3) denies Mr. Palmer's request for costs and attorney's fees.

---

[2] Ms. Courage wrote to Mr. Palmer and said "Someway, in the ten years after she wrote the will, she failed to set aside the money to cover these bequests . . . I feel morally bound to do what Mother would have wanted me to do under the circumstances . . . . In December, 1991, I sent you a gift of $10,000.00." Plaintiff's Exhibit 7. "It is a gift from me to you, because I know that Mother would be truly sorry that somehow she'd forgotten to set aside the money to fund the bequest to you . . . in her will." Plaintiff's Exhibit 8.