63   323
q88   151

JAMES GREGORY ET AL. *v.* JANE FIELD ET AL.

TESTAMENTARY GUARDIANSHIP.   *How accepted. Section 17, Art. 141, p. 459, Code 1857, construed.*

By the will of G., who died in 1866, O. was made executor and appointed guardian of J. and H., minor children of G. The will was presented for probate by O., who, in his petition, stated his willingness and desire to carry out its provisions, and showed that no bond was required of him either as executor or guardian. The record of the probate court nowhere shows that he qualified by taking the proper oath, or any decree or order of the court appointing him such guardian. O. proceeded to act as guardian of J. and H., but when called upon by them after coming of age to render an account, he asked the court to dismiss their petition for want of jurisdiction in the. court, because the records failed to show his appointment by the court or qualification as such guardian. *Held,* that in his petition for probate of the will, O. sufficiently declared his acceptance of the guardianship under § 17, Art. 141, p. 459, Code of 1857, which provides that every guardian appointed by the will of a father, as authorized by § 17, Art. 140, Code of 1857, shall appear "before the probate court of the proper county and declare his acceptance of the guardianship;" and as such guardian he is liable to account to J. and H.

APPEAL from the Chancery Court of Adams County.

HON. WARREN COWAN, Chancellor.

In 1866 one James Gregory died, leaving a will by which he constituted James Orr his executor without bond, and guardian of his two minor children, James and Hiram Gregory, who were the sole devisees. The will was presented for probate by Orr, in the petition for which he sets out that he was appointed by virtue of said will guardian without bond of the persons and property of the said children, and prays that it may please the court to grant him letters testamentary on his taking the oath prescribed by the statute. In 1883 the two children, being of age, petitioned the

court to compel their guardian, James Orr, to make a final settlement of his account as such guardian. During the progress of this suit James Orr died, and his two executrixes, Mrs. Jane Field and Mary Orr, were admitted to defend. The cause proceeded, and when it came on to be heard on a motion made by defendants to strike out certain exceptions of complainants to an account filed in the cause by James Orr, deceased, it was suggested by counsel for the defendants that the chancery court could not proceed with the cause because it had no jurisdiction in the premises, as the said James Orr was never appointed or qualified as guardian of said complainants. Whereupon, it appearing to the satisfaction of the court "that there is no entry upon the minutes of the court and no order or decree appointing said James Orr guardian of said complainants, and that he did not qualify as such guardian," the cause was dismissed for want of jurisdiction. Letters of guardianship, signed by the judge of the Probate Court of Adams County, which had the seal of said court also affixed, and dated October 22, 1866, granted to James Orr as guardian of the complainants, were introduced in evidence. The complainants took this appeal.

*J. S. Morris,* for the appellants.

The only question presented by the record in this cause is whether the Chancery Court of Adams County had jurisdiction of the parties and subject-matter.

That it had not, the appellees point only to the fact—the negative fact—that the clerk and deputy clerk of the present court—the chancery court of the constitution of 1869—have failed, after careful search, to find any *entry* on the minutes of the old probate court of the granting of the *letters of guardianship* which were before the chancery court at the time of the rendition of the decree dismissing this cause for want of jurisdiction, from which decree this appeal is prosecuted to this court. These letters of guardianship are under the seal and attestation of the Probate Court of Adams County. These letters of guardianship are not denied, impeached, or doubted, except upon the allegation that no order *granting them* by the probate court *has been found.*

*R. E. Connor,* and *Martin & Lanneau,* for the appellees.

The probate court had no jurisdiction over Orr as guardian, nor has the probate side of this court jurisdiction over the cause, because there is nothing in the record showing that Orr ever became guardian of appellants.

There being nothing in the record to show the appointment and qualification of Orr, can it be otherwise shown? And can presumptions be indulged to supply a supposed accidental omission in the record?

The document introduced in evidence in the lower court purporting to be letters of guardianship furnishes no evidence whatever that Orr was appointed or that he ever qualified as guardian. It is not a record, because it is not entered on the minutes of the court. *Stein* v. *Stein,* 25 Miss. 513.

The law requires that the order granting letters of guardianship shall be placed on record and that the original letters, as well as the fact of qualification, shall appear as a matter of record. " When an order of court is made for the sale of land it should be placed on record. It cannot be supplied by parol proof unless it be shown that the records are lost." *Eakin* v. *Vance,* 10 S. & M. 549.

COOPER, C. J., delivered the opinion of the court.

Orr was appointed testamentary guardian of the appellants by the will of their father, of which he was also made executor. He presented the will for probate, and by his petition stated that he desired to execute its provisions, and showed to the court that no bond was required of him by the will either as executor or as guardian. This petition sufficiently " declares his acceptance of the guardianship," as required by article 141, page 459 of the Code of 1857. By article 140 of the code the power of a testamentary guardian was declared and recognized, and no order of appointment by the court was necessary to enable him to enter upon the discharge of his duties. He was appointed by the testator and not by the court. He appeared before the court and declared his acceptance of the office, and though he may have failed to make the oath required by law it does not lie in his mouth to

assert his own failure to do a purely personal act as a defense against his liability to account as guardian.

*The decree dismissing the petition is reversed and cause remanded.*