HELEN PEEBLES ET AL. v. JOEL M. ACKER.

1. WILL. *Legacy. Charge on estate. Case.*

A will contained the following provisions: "I give and bequeath to my step-daughter, out of my estate, so soon as she attains the age of sixteen, the sum of $1,200, and desire that my wife, as trustee for her, shall loan said sum after that time, until my step-daughter marries; then the same to be delivered to her." Another clause provided that the residue of the testator's estate, real, personal and mixed, should go to his wife and son, according to the laws of descent. *Held,* the legacy to the step-daughter was made a charge on the entire estate. *Cady* v. *Cady,* 67 Miss., 425.

2. SAME. *Enforcement of legacy. Purchaser.*

The charge created by such legacy on land of the estate may be enforced by the assignee of the legacy, against one who has purchased the land at trustee's sale, under a trust-deed executed by the heir and devisee of the testator.

3. LIMITATIONS. *Enforcing legacy. Administration. Purchaser.*

Where a legacy is made a charge on the estate of the testator, and certain land of the estate is sold by the heir and devisee, pending administration on the estate and before final settlement, the statute of limitations does not run against the right to enforce the legacy as to the land so held by the purchaser. So held in this case, there being no question involving the right of the purchaser to hold by adverse possession.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Chancellor.

The will of W. C. Blackburn, who died in 1859, contained the following clauses:

"2. As a token of the love and affection I bear to my step-daughter, Ada Leonora McGuire, I give and bequeath to her, out of my estate, so soon as she attains the age of sixteen years, the sum of $1,200, and desire that my wife, Mary A. Blackburn, as trustee for her, shall loan said sum, after that time, at interest, taking notes, renewed annually, with two good sureties, until she, the said Leonora, marries, then the same to be delivered to her. And it is my desire that

she receive a good English education, to be paid for out of
my estate, and that she live with my said wife during her
celibacy, free of charge for board.   Should she die without
issue surviving her, the said legacy to her to descend to my
said wife and my son William L. Blackburn.   Her clothing
to be paid for out of interest arising from said loaned sum."

.   "3.   The residue of my. estate, real and personal and
· mixed, of which I may die seized and possessed, I give and
bequeath to my wife and son, to descend to them according
to the present laws of descent and distribution of property of
said state.   It is my will that my wife keep my negroes and
such of my other property together, as she may deem neces-
sary to carry on the farm, until my said son attains the age.
of twenty-one years, or marries, then a division to be made
of all my said residue of property, and its increase, between
my wife and son."

The widow, Mary A. Blackburn, was named as executrix
of the will, without bond, with power to sell any of the
property devised, and invest the proceeds in other property,
if to the interest of the estate.

The will was probated in 1860, and letters testamentary
granted to said Mary A. Blackburn, and she continued to be
executrix, and resided on the land until her death in 1887,
without ever having filed an account or paid the legacy.

In 1880, William L. Blackburn, the son named in the will,
presumably claiming title to the land owned by the testator,
his mother having only a dower interest, executed a trust-
deed thereon to secure an indebtedness to appellee, Joel M.
Acker.   This trust-deed was foreclosed in 1885, the land
being bought in by Acker, who received a deed from the
trustee.

Meantime, Ada Leonora McGuire, the above mentioned
legatee, was married in 1867, at the age of twenty, to J. B.
Walton, and died during her coverture, in 1870, leaving one
child her sole heir.   This child died in 1884, leaving the
father his sole heir, and consequently owner of the unpaid

legacy. J. B. Walton made a written assignment of the legacy to W. D. Walton, who assigned it to Helen Peebles and others, the appellants, who are the heirs of said executrix and of William L. Blackburn.

This bill was filed in 1890 by Acker against said appellants, who are in possession of the land, claiming the same, to cancel their claim as a cloud, and for possession.

Defendants answered, and also filed a cross-bill, setting up, among other things, that the legacy owned by them is a charge on the land in controversy, and praying that it be subjected to the charge.

The answer of complainant to the cross-bill denies that the legacy is a charge on the land, and avers that, if it ever was such, it has been barred by the statute of limitations of six and of ten years. It is not necessary to state the case in any other aspect. There was a final decree for complainant, Acker, and defendants appeal.

*Houston & Reynolds,* for appellants.

1. Where the testator, after giving legacies, makes no specific devise of realty, but blends it with the personalty, he thereby charges the realty with the payment of the legacies. 1 Redf. on Wills, 278, 279; *Cady* v. *Cady,* 67 Miss., 425; *Heatherington* v. *Lewenberg,* 61 *Ib.,* 372; *Knotts* v. *Bailey,* 54 *Ib.,* 235; *Turner* v. *Turner,* 57 *Ib.,* 775; Perry on Trusts, § 570; *Lewis* v. *Darling,* 16 How., 10.

2. The statute of limitations has never begun to run. The legacy is charged on the land, and is an express trust, which the executrix, by accepting the administration, became bound to pay. She has never been discharged, and has never accounted. No cause of action could accrue until a breach of the trust, and nothing has happened to set the statute in motion. *Cooper* v. *Cooper,* 61 Miss., 676; *Templeton* v. *Tompkins,* 45 *Ib.,* 424; *North* v. *James,* 61 *Ib.,* 761; *Roberts* v. *Roberts,* 34 *Ib.,* 322.

*Sykes & Richardson*, for appellee.

Ever since 1848, our statutes have given a right of action at law to recover legacies. The trust here is an implied trust, and is not chargeable on the land; and, hence, both the six and ten-year statutes of limitations apply. Trusts sometimes arise by implication, by construing a will so as to carry out the intention of the testator. Perry on Trusts, § 121. So, whether a legacy is a charge on land is a matter of intention, to be gathered from the whole will. A mere direction that debts and legacies are to be paid, does not directly charge the realty. Perry on Trusts, § 566–572. To exempt a trust from the operation of the statute of limitations, it must be a direct trust, cognizable only in equity, and the question must arise between the trustee and *cestui que trust.* Angell on Limitations, § 166. The will charges the legacy, if at all, on both realty and personalty. There is no specific charge, and, consequently, no exclusive jurisdiction in equity. The statute, therefore, runs. 23 Pick., 313; 2 Paige, 574; Wood on Lim., 42; 11 Am. Dec., 417. We submit that the statute began to run in 1870, after the death of Mrs. Walton. If nothing else set in motion the statute, the adverse possession of Mrs. Blackburn and her son, continued to the knowledge of the *cestui que trust,* had that effect. Wood's Lim., 213; 7 How. (U. S.), 234, 819; 8 *Ib.*, 586; 9 Peters, 405.

COOPER, J., delivered the opinion of the court.

The legacy given by the will of W. C. Blackburn to Ada Leonora McGuire was charged by him upon his whole estate, both real and personal. *Knotts* v. *Bailey*, 54 Miss., 235; *Turner* v. *Turner*, 57 *Ib.*, 775; *Heatherington* v. *Lewenberg*, 61 *Ib.*, 372; *Cady* v. *Cady*, 67 *Ib.*, 425.

Whatever may be the rule elsewhere, it is settled in this state that no statute of limitations runs against a legatee, or the distributee, pending the administration of the estate. *Wren* v. *Gaydon*, 1 How., 365; *Jordan* v. *McKenzie*, 30 Miss.,

32; *Young* v. *Cook*, *Ib.*, 320; *Roberts* v. *Roberts*, 34·*Ib.*, 322; *Cooper* v. *Cooper*, 61 *Ib.*, 676.

The lands of the testator being now owned by the appellee subject to the legacy charged on them, the court below should have granted the relief prayed by cross-complainants to sell the lands for the payment thereof.

It is to be observed that no question of the acquisition of title by Acker, the purchaser, by adverse possession, is presented by the evidence.

*Decree reversed, and cause remanded.*