FELIX Z. EDWARDS *v.* C. CLAY KELLY, EXECUTOR, ETC.

1. STATUTE OF LIMITATIONS. *Executor. Legatee. Final settlement.*

Until an executor has finally accounted as such the statute of limitations does not run in his favor against a suit by a legatee to recover a legacy, even where under the will he was to own the entire estate as long as he remained single, and the legatees' right to the legacy accrued only upon his subsequent marriage.

2. MARRIED WOMEN. *Will. Code* 1880, § 2095. *Testamentary guardian.*

A provision in the will of a married woman purporting to make her husband the guardian of their child was not aided by Code 1880, § 2095, providing that a father might, by will, give to another the custody of his child during its infancy and thereby invest the custodian with the powers of a guardian, although the will was executed and the testatrix died while said code was operative.

3. WILLS. *Joint. Definition. Between. Among.*

Where the joint will of a husband and wife provided that, in case of the death of either, the property of the one first dying should vest in the survivor, unless the survivor marry again, when the property inuring to the survivor's benefit by the death of the other should be divided equally "between" the survivor and the children of their marriage, the survivor did not take one half of the estate, and the children the other half, but the word "between" was used in the sense of "among."

FROM the chancery court of Attala county.

HON. JAMES F. McCOOL, Chancellor.

This suit was begun by a petition, filed by appellant Edwards under § 1955 of the Code of 1892, asking that appellee Kelly

be summoned to show cause why a final account should not be made by him as executor, and also as testamentary guardian under the will of Laura V. Kelly, deceased. The petition alleges that on August 1, 1889, said Kelly and his then wife, Laura V. Kelly, made their joint last will and testament in which they devised and bequeathed to the survivor of each other all of their property, both real and personal, "unless the survivor shall again marry, and in such event all of the property and the proceeds thereof, if any there be in the hands or possession of the survivor at the time of said survivor's second marriage which inured to his or her benefit by virtue of the death of the other and under said will, is to be divided equally between the said survivor and the children of decedent and the survivor or their heirs, if any there be;" that the survivor was appointed by said will executor of said will, and guardian of any and all minor children living, and that it was further provided that the survivor should not be required, as such executor, to give bond, and should not be required to make any reports or accounts to the courts as guardian; that Laura V. Kelly died in this state in November, 1890, and left her surviving husband, appellee Kelly, and three minor children, the oldest being Lilian N. Kelly, who married petitioner in December, 1892; that appellee Kelly again married in January, 1892, and in March, 1893, he filed a petition in the chancery court asking for the probate of said will, which he presented to the court, and asked that it be established as the last will and testament of Laura V. Kelly, and that it was probated and appellee, Kelly, appointed executor of said will by the court, and that by reason of said appointment he became testamentary guardian of said three minor children; that under the provisions of the will the second marriage of appellee Kelly caused the estate of Laura V. Kelly to revert to, and become an estate in common owned by himself and his three children, and he became liable to account and pay over to each of said children, as executor and guardian, their respective one-fourth interests in

said estate; that Lilian N. Edwards, one of the children who married petitioner, died without issue in December, 1894, leaving petitioner her sole and only heir; that said executor and guardian has never made or filed any annual or final account, either as executor or guardian, and has never made a full settlement either with Lilian N. Edwards or with petitioner, who succeeded to her rights, she having died intestate.  ·

Defendant, Kelly, demurred to the petition on the grounds that the will shows on its face that complainant has no interest in the property; that the court had no power or authority to compel him to render an account as executor or as guardian, he being exonerated from so doing by the will, and by the order of the court in allowing the will to be probated. The demurrer also set up the three-years, the five-years, the six-years, and the ten-years statutes of limitations. The demurrer was sustained, the petition dismissed and petitioner appealed to the supreme court.                                                              ,

*A. O. Luckett* and *J. S. Smith,* for appellant.

As to the right of a distributee to compel a settlement and an accounting, see *Walker* v. *State,* 53 Miss., 532. As to the necessity for a distributee to have his rights ascertained by the chancery court, see *Dobbin* v. *Halfacre,* 52 Miss., 561. And as to the duty of the court to protect such rights, see *Bower* v. *Seale,* 45 Miss., 30.

When Kelly qualified as executor of the last will and testament of Laura V. Kelly, deceased, on March 1, 1893, the chancery court acquired full jurisdiction of said estate and of the executor thereof for all purposes, and no other court could oust its jurisdiction and no other court has the power to compel the executor to state an account and make a full and complete settlement with the distributees under the will. *Wren* v. *Gayden,* 1 Howard (Miss.), 365.

"Whatever may be the rule elsewhere, it is settled in this state that no statute of limitation runs against a legatee or dis-

tributee pending the administration of the estate. *Peebles* v. *Acker*, 70 Miss., 356; *Cooper* v. *Cooper*, 61 Miss., 676.

It was insisted at the argument of the demurrer that § 2738, Code 1892, was, or is a complete bar to any remedy of this petitioner against C. C. Kelly as guardian, and we are inclined to the opinion that perhaps the chancellor based his decision on this new section of the code.

The court will bear in mind that if Kelly ever became guardian of his daughter Lillian's estate, which we doubt, that he also acted in the dual capacity of executor at the same time. While he may have been held as the guardian of the person of his daughter, yet we fail to see how he could legally become guardian of her estate until he made a settlement and distribution of the estate as executor. *Wren* v. *Gayden*, 1 Miss., 365. There is nothing of record in this whole proceeding showing that Kelly ever qualified as guardian of his daughter unless his qualification as executor made him guardian.

We doubt whether at the time of the execution of the will, in August, 1889, and the time of the death of Mrs. Kelly, on November 29, 1890, a legal appointment of a testamentary guardian could be made by a mother. Code 1880, § 2095, provides for such an appointment by "any father," while the Code of 1892, § 2184 provides that the appointment may be made by "any parent," and furthermore, at the time Kelly qualified as executor under the will, March 1, 1893, his daughter had married, and for this reason he could not have become her legal guardian, but should this court hold that by his qualification as executor, Kelly at the same time became guardian of his daughter, we fail to see any reason why she should not have had the same right to proceed against him, as executor, for a settlement and accounting as such, and that all laws governing the administration of the estate in his hands as executor should apply until finally administered by him.

The statute of limitations does not commence to run in favor of an executor until he has settled with the court and procured

a final decree. *Williams* v. *Flippin,* 68 Miss., 680. A right of action accrues to a distributee when a decree is rendered in his favor. *Ward v. Young,* 45 Ala., 474.

As a general rule no action can be brought against an administrator or executor until the claim of the distributee has been established in his favor by a decree of the probate or chancery court. *Canterbury* v. *Tappan,* 8 B. & C., p. 151; *McKey* v. *Coxe,* 18 How. (U. S.), 100; *Green* v. *Creighton,* 23 How. (U. S.), 90; *May* v. *Kelly,* 61 Ala., 489; *George* v. *Elms,* 46 Ark., 260; *Thornton* v. *Glover,* 25 Miss., 132; *Dobbins* v. *Halfacre,* 52 Miss., 561.

The statute of limitations runs against the claims of distributees only from the time when the administrator or executor files his final settlement. *Brulk, master* v. *Reed,* 7 House, (Del.), 307; *McKin* v. *Glover,* 161 Mass., 418; *Jordan* v. *McKenzie,* 30 Miss., 32; *Young v. Cook,* 30 Miss., 320; *Cooper* v. *Cooper,* 61 Miss., 694; *Peebles* v. *Acker,* 70 Miss., 356; *Betts* v. *Avery,* 46 N. Y. App. Dic., 342; *Allbright* v. *Allbright* (Tex. Civ. App., 1896), 35 S. W., 1076.

*Anderson & Davis,* and *Alexander & Alexander, for* appellee.

The demurrer sets up, first, the three years' statute of limitations, § 2239 of the Code, then, also the six years' statute, § 2739; also five years' limitation for action against guardians, § 2738; and also § 2763, the limitation as to express trusts. With the attention of the court called to these, let us revert now to the facts. It was in January, 1892, that Mr. Kelly remarried; in December, 1892, when Lillian married. At the time of her marriage Lillian was 19 years of age. When could limitation begin? The answer is found in § 2223 of the code under the chapter on Guardian and Ward, reciting that guardianship is to cease when the ward shall have arrived at the age of 21 years, or being married and over 18 years, in either event the guardian to deliver forthwith to the ward the ward's estate. Lillian, herself, thus had the right to demand her share

of the estate from the moment of her marriage, inasmuch as her father had remarried before her own marriage. Accordingly, accepting the contention of the appellant, that Kelly should have accounted to her, we state that from the date of her marriage in December, 1892, she had the right to demand her share of her mother's estate. This right existed on the date of her death. The court will note from the bill that Lillian became of age in 1894, and was thus presumably of age at the time of her death, in December, 1894. Where there is a right to sue, the statute of limitations of course runs. After Lillian's death, her husband, as her legal representative (according to his statement in the bill), had all the rights that belonged to her. He has delayed too long to now be heard in the court.

What claim would Lillian have on the executor? None whatever. It is as guardian only that she would be able to hold her father. If her father held anything at all for her from her mother's estate, it would be as guardian, for the presumption of law would be that the only necessity for its being held by the executor at all would be while it was being determined whether Laura V. Kelly's estate had any debts to pay. It is shown that Laura V. Kelly died leaving no debts. Under § 2738 of the Code, the action against Kelly should have commenced within five years after the ward arrived at the age of 21. Making every deduction of time possible in favor of the appellant, Edwards, this section will still preclude him from entering suit, as the five years' time has long elapsed. Kelly became testamentary guardian by filing the will. *Gregory* v. *Field,* 63 Miss., 323. As Edwards is precluded from suing Kelly as guardian, he is for this reason also precluded from suing Kelly as executor, because his avenue to Kelly as executor is through Kelly as guardian.

Furthermore, the court will note that the will and decree excused Kelly from accounting, either as executor, or as guardian. If it be held by the court that the provision in the will of itself will not excuse Kelly from being required to account

to a distributee under the will, will not the decree of the court do so? Under § 2751, code, it is stated that bills of review in chancery must be filed within two years next after the date of the final decree in the cause and not after. It is claimed by counsel for appellant that it is doubtful whether Laura V. Kelly could make a legal appointment of a testamentary guardian for her children in her will, for reasons stated in their brief. This court will certainly not hold, in a case such as this, that this point can be made. The suit is filed against Kelly as executor and as testamentary guardian. The bill does not set up such point, but asks for an accounting from Kelly as testamentary guardian. As, however, the decree of the court appointed Kelly guardian, the decree cannot be attacked collaterally. *Ames* v. *Williams,* 72 Miss., 760, and *Gillespie* v. *Hauenstein,* 72 Miss., 838.

It is needless for us to quote to the court the grammatical difference between the words "between" and "among." The word "between" is made out of the two words, "by" and "twain." We can see no reason why the regular construction and meaning of the word "between" should be departed from by this court in determining this will.

We call the court's attention to the words "between" and "among" in the Enc. of Law & Pro., and Bouvier's Dictionary. Also *Recordi* v. *Fields,* 155 Mo., 314; *Haskell* v. *Sargent,* 113 Mass., 341; Lockwood's Appeal, 55 Conn., 157; see Ires' App., 162 Pa. St., 369; and *Haxton* v. *Griffith,* 18 Gratt, 574; see footnotes at bottom of pages 684 and 685 of Vol. 5 of Enc. of Law & Procedure, showing the decisions of the courts of numerous states and text-books.


WHITFIELD, C. J., delivered the opinion of the court.

None of the statutes of limitation invoked in this case have any application to the case made by the facts. See *Peebles* v. *Acker,* 70 Miss., 356, 12 South., 248; *Bell* v. *Rudolph,* 70 Miss., 234, 12 South., 153; *Cooper* v. *Cooper,* 61 Miss., 676.

After Mr. Kelly married again, Edwards' wife became at once entitled to her distributive share in the estate left by her mother. There was no way in which the amount of this distributive share could possibly be known until Kelly, as executor, had filed his final account, showing what such distributive share amounted to. Mrs. Edwards could not sue as distributee until such final account showing her distributive share had been allowed. Section 2095, Code 1880, does not uphold Kelly's appointment as testamentary guardian; the will having been executed in August, 1889, and Mrs. Kelly having died November 29, 1890. The effort in this will to make him such is therefore nugatory. The decree of Chancellor Graham in March, 1893, did nothing more than admit to probate the will, and order the issuance of letters testamentary to C. C. Kelly, dispensing with an appraisement and inventory of the goods, chattels, and personal estate of Laura V. Kelly, deceased. Counsel for appellee is mistaken in supposing that this decree recognized Kelly as testamentary guardian, or in any way noticed the effort by the will to make him such. It is not a case of collateral attack upon a testamentary guardian recognized by the chancery court. It is simply the case of a void effort on the part of a wife to appoint a testametary guardian. *Gregory* v. *Field,* 63 Miss., 323, simply holds that a testamentary guardian derives his authority from the will making him such, and that, if he accepts the trust, he is bound to account; but the effort to create Kelly testamentary guardian being void, there was no trust to accept. And so it follows from this fact that § 2738 of the Code of 1892 has no applicaton, since Kelly never was testamentary guardian.

Responding to the request of counsel on both sides, joined in by the learned chancellor below, that we should construe the meaning of the word "between" in that clause of the will reading as follows: "At the death of either of us the title both legal and equitable and all the property of the one first dying shall vest in the survivor in fee simple, unless the survivor shall,

again marry; in such event all of the property and proceeds thereof,, if any there be, in the hands or possession at the time of said survivor's second marriage, which inured to his or her benefit by virtue of the death of the other and this our last will and testament, is to be divided equally between the said survivor and our children, or their heirs, if any there be"——we say that the contention of the appellee that the word "between" must be construed to mean between two classes, as a result of which the father, as one class would take one-half of the estate, and the children, as the other class, would take the other half, is not sound. In other words, "between," it is said, must have its strict etymological signification, "between two," and that it should not be given the meaning of "among." "Between," it is said, is proper if you are speaking of two between whom the division is to be made; "among" being the proper word to use if a division is to be had between more than two. We think it is perfectly obvious from the whole context of the clause and of the entire will that the word "between" here is used in the sense of "among." The decisions show innumerable instances of the interchangeable use of the words. See *Lord* v. *Moore,* 20 Conn., 122; *Ward* v. *Tompkins,* 30 N. J. Eq., 3; and *Senger* v. *Senger's Ex'r,* 81 Va., 687, where the court say: "But when they follow the verb 'divide' their general signification is very similar, and in popular use they are considered synonymous, though 'among' denotes a collection, and is never followed by two of any sort, whilst 'between' may be followed by any plural number, and seems to denote rather the individuals of the class, than the class itself generically." In *Hick's Estate,* 134 Pa., 508, 19 Atl., 705, the court said: "It is now contended by the widow that her late husband intended his estate to be divided into two equal shares, she being entitled to one share, and the remainder to be equally divided between his two daughters, and that such an intention is shown by the use of the preposition 'between,' which can only be properly construed by giving it its correct and accurate signification,

and, as it applies properly only to the case of two parties, two objects, two points, or two classes, we must conclude that the testator's meaning was thus to divide his estate between his wife and two daughters; the former taking one share, and the latter another share. But we do not think such was his intention. If testator had used the common preposition, 'amongst,' it is conceded there would be no room for argument. And it needs no illustration to show the frequent and familiar use of the word 'between,' even by well-educated and otherwise accurate linguists, when 'among' is intended."

We are, therefore, of the opinion that the father, Kelly, takes only one-fourth interest in the estate left by his wife, the other three-fourths going to the three children, respectively; Mrs. Edwards' share, under our law now, going to her husband.

*Decree reversed, demurrer overruled, and case remanded for answer within sixty days from filing of the mandate in the court below.*