# Richmond.

## BROWN v. BROWN.

### December 11, 1884.

1. LEGACIES—*Abatement.*—If abatement of general legacies is necessary to pay debts and specific legacies, the rule is, that where all stand on same footing the abatement must be on all *pro rata*. But if a legatee has relinquished any right in consideration of his or her legacy, such as dower, or distributive share, such legatee has preference over mere volunteers, and this, too, even if value of legacy exceeds value of right relinquished.

2. IDEM—*Personal Decrees.*—Legatee may take legacy and pay testator's debts, or decline legacy and avoid the debts. Decree must be in the alternative, and not personal against legatee for the debts.

Appeal from three decrees of circuit court of Culpeper county, entered November 6th, 1880, June 8th, 1881, and November 2d, 1881, respectively, in the cause of Mary C. Brown, in her own right and as administratrix with will annexed of A. Hill Brown, deceased, against Susan Brown and her four children, Travis, Roberta, Jennie, and William H. Brown. By the will, testator left certain named articles and half the remaining real and personal property to his widow, Mary C. Brown, and all the remaining property to his sister, Susan Brown, and after her death the same to descend to her heirs. It turned out to be necessary to abate legacies, in order to pay debts, and the widow brought this suit to have the whole of the debts and costs of administration paid out of the legacy given to Susan Brown and

her children. The court below decided in her favor, and Susan Brown and her children appealed. Opinion states the case.

*J. G. & W. W. Field, G. D. Gray,* for the appellants.

*D. A. Grimsley* and *F. H. Hill,* for the appellee.

LACY, J., delivered the opinion of the court:

A. H. Brown died in the county of Culpeper in the year 1879, having first made his will, which was duly probated, and the appellee, his widow, qualified as his administratrix, with the will annexed. The will is as follows :

" I, A. H. Brown, of the county of Culpeper and state of Virginia, of sound and disposing mind, do make this my last will and testament, hereby revoking all others heretofore made. I want my wife, Mary C. Brown, to take one horse, two head of cattle, ten sheep, one sow and shoats, two beds and bedding complete, sewing machine and two bureaus, all silver spoons and earthenware, ten chairs, such as she may select, small cooking stove and fixtures, and then one-half of the remaining real and personal estate (in fee simple) to do as she pleases with. All my remaining property to go to Mrs. Susan Brown, widow of R. C. Brown, deceased, and after her death the same to descend to her heirs ; and I want her and her children to take charge of my brother, William B. Brown, as long as he may need their assistance."

In January, 1880, Mrs. Mary C. Brown, in her own right and as administratrix with the will annexed of A. H. Brown, filed her bill in the circuit court of Culpeper, in which she alleged the making of the will, and charged that the articles specifically bequeathed to her had been given to her by her father, E. G. Chapman—claimed the articles exempted under chapter 126, section 14 of the Code of 1873—alleged that the debts of A. H. Brown would consume the whole of the personal estate, and

claimed that no part of the one-half devised to her could be
taken for the payment of debts, and that the whole of the
debts, costs of administration, &c., must be satisfied out of the
half of the estate devised to Susan Brown and her children—
sought a partition of the real estate and the settlement of all
necessary accounts.    There was a reference to a master to take
the proper accounts, and upon the coming in of the commis-
sioner's report, the court decreed, on the 6th of November, 1880,
that the legacy left the wife did not abate for the payment of
debts, &c., but that the same must be satisfied out of the legacy
of Susan Brown.    And subsequently, on the 2d day of Novem-
ber, 1881, Susan Brown was decreed to pay to Mary C. Brown
$50.92 in her own right, that being the excess over one-half of
the personal estate applied by the said Mary C. Brown to the
debts of A. H. Brown, deceased; and the sum of $600.71 to be
paid by Susan Brown to Mary C. Brown, as administratrix of
A. H. Brown, deceased.

Whereupon the said Susan Brown applied to this court for
an appeal, which was allowed.    The chief error assigned is, that
the legacy of the widow was not held to abate for the payment
of debts, and the whole amount of the debts charged upon the
legacy of Susan Brown.

Where an abatement of general legacies is necessary for the
payment of debts and specific legacies, the rule is, that where
all the legatees stand upon the same footing, the abatement
must be upon all *pro rata*.    *Simmons* v. *Vallance*, 4 Bro. Chy.
349–350; *Auther* v. *Auther*, 13 Sim. 440; *Towle* v. *Swasey*, 106
Mass. 100; *Knecht's Appeal*, 71 Penn. St. 333.    But there is
a preference among general legatees, of those who have relin-
quished any right in consideration of their legacies over mere
volunteers.    106 Mass. 100; *Roper* v. *Roper*, L. R. 3 Ch. Div.
714.    Judge Lomax says of this general rule, cited above,
which allows no preference of payment among legacies in their
nature general, and enforces a proportional abatement of all
together, in case of deficiency of assets to satisfy them all, that

it must be understood as applying among general legatees who are all volunteers.

If there be any valuable consideration for the testamentary gift, it will be entitled to preference of payment over other general legacies which are mere bounties; as when a general legacy is given in consideration of a debt to the legatee, or of the relinquishment of any right or interest, as of the dower of a widow. In the case of *Burridge* v. *Bradyl,* reported in 1 Peere Williams, p. 127, decided in the high court of chancery in 1710, Lord Chancellor Cowper held that while pecuniary legacies, if assets wanting, shall be paid in averages, yet a legacy given to a wife, in consideration that she release dower, shall be preferred, saying: "The 3,400 pounds shall have the preference, and if there be not assets enough to pay the other legacies, they must be lost." It seems the preference will be allowed, though the bequest should exceed the value of the right or interest relinquished by the legatee.

In the case of *Blower* v. *Morret,* decided in 1752, Lord Hardwicke said : " If the wife was, at the time of making the will, entitled to any dower or thirds out of the testator's estate, I am of the opinion she would be entitled to a preference, and that upon the ground Lord Cowper went on in *Burridge* v. *Bradyl,* that the testator by setting a price on her dower, if she thought fit to take it, it became a purchase of her dower." 2 Ves., sen., p. 421.

In the case of *Davenhill* v. *Fletcher,* decided in the high court of chancery shortly after, in the year 1754, it was held that, on deficiency of assets, the wife should not abate with the other legatees, the case having been adjourned from the 12th to the 18th of November, to look into the cases of *Burridge* v. *Bradyl,* and *Blower* v. *Morret, supra.* These cases were approved by Sir Thomas Clarke, master of the rolls, and although the legacies were more than the dower, it was held that the legacies did not abate with the others on account of deficiency of assets. 1 Ambl. 244.

In the case of *Heath* v. *Dendy,* decided in 1826, in the time of Lord Chancellor Eldon, the cases of *Blower* v. *Morret,* and *Davenhill* v. *Fletcher, supra,* were expressly approved by Lord Gifford, master of the rolls, who held that the wife is entitled to priority over the other legatees, and that the legacy given to her ought not to abate proportionally with the other legacies. 1 Russell's Reports, p. 543. In that case Lord Gifford said: "The legacy was to be considered as a purchase of the dower. If it was not as in *Blower* v. *Morret,* and *Davenhill* v. *Fletcher,* the only consideration for it, yet it was part of the consideration, and therefore the principle of those authorities applies to the present case. \* \* \* It is not material whether the 1,200 pounds was or was not the whole of the consideration for the release of dower. If it was only part of the consideration, she is nevertheless a purchaser of the same, and is entitled to priority over the other legatees." See also *Norcott* v. *Gordon,* 14 Sim. 258.

Mr. Roper, in his work on legacies, after a review of the authorities, says: "If the wife be entitled to dower and thirds, and a legacy be given to her in satisfaction of them, it will not be excluded from a preference in payment to other legacies, although the amount of the bequest happen to exceed the value of those rights, for the testator is the only and the best judge of the price at which he is desirous to become the purchaser of them;" citing the statute of 3 and 4 William IV, which provides that nothing therein shall interfere with any rule of equity, or of any ecclesiastical court, by which legacies bequeathed to widows, in satisfaction of dower, are entitled to priority over other legatees. 1 Roper on Legacies, 432.

In Virginia it would seem to be clear that the wife could not be held to be a volunteer as to a legacy left her by the will of her husband. If the husband is the best judge of the provision he is willing to make for her in lieu of her legal rights, it is her right to accept or renounce the provisions of the will as her views of her interest may suggest. If the provisions made for

her by her husband's will are such as she is willing to accept as compensation for her dower and her distributive share of the personal estate, she is entitled to do so, and she takes the legacy as a purchaser, and not as a volunteer, because the provision made for her by the will may have restrained her from renouncing the will and receiving her share, as if her husband had died intestate.

In the case of *Jett, &c.,* v. *Bernard,* 3 Call, 10, the report of the case shows that the appeal was upon other grounds than the abatement of the wife's legacy. In that case the court of chancery decided that the wife's legacy should abate in proportion with the other legacies, which decision this court affirmed. But there is no opinion of the court reported, and we do not know the grounds of the decision.

It appears, however, from the meagre report we have of the case, that the legacy was to the wife of forty thousand pounds of tobacco, to buy her a carriage and supply her with such necessaries as she may be in want of, and the son was bequeathed twenty thousand pounds of tobacco to supply himself with necessaries. There is nothing in the case to show that the wife relinquished any right or interest to put her in the position of a purchaser, and that case cannot therefore be held to control this case, where the wife stands on wholly different grounds. From the cases we have considered, and the authorities already cited, we think that when the wife relinquishes any right in interest, such as dower, or her distributive share of the personal estate, her legacy does not abate.

In the recent case of *Towle* v. *Swasey,* 106 Mass. 100, in the supreme judicial court of Massachusetts, it was held that the legacy to the widow was to be preferred to all other legacies ; that the legacy to the son was next to be preferred, and the legacy to a sister, where there was no contract shown that she should support their mother, although she was expected to do so, was held by that court not to be preferred, and if the assets were insufficient was to abate in common with other legacies.

We think there is no error in the decree of the circuit court of Culpeper, in so far as it held that the legacy to the widow did not abate for the payment of debts. The only other assignment of error is, that the circuit court decreed personally against the appellants for the amounts necessary to pay the testator's debts. This was erroneous. There is no obligation upon the appellants to pay the debts of the testator, except so far as they may receive the legacies devised to them by the will. The decree against them can only be in the alternative. They are entitled to elect whether they will receive and hold the estate devised them by the will and pay the debts, or decline to receive the same and avoid the debts And for this error the decree must be reversed, and the cause remanded to the said circuit court of Culpeper for decree therein in accordance with the views herein. Upon this question in other respects the decrees will be affirmed.

The decree was as follows :

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the decrees aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the circuit court of Culpeper did not err in the decree of November 6th, 1880, in so far as it held that the legacy of the appellee, Mary C. Brown, did not abate for the payment of debts, but was entitled to a preference of payment over the other legacy. But the court is of opinion that the said circuit court of Culpeper did err in the decree of November 2d, 1881, in decreeing against Susan Brown, personally, for the payment of the debts of A. H. Brown. It is therefore decreed and ordered that the said decree of November 2d, 1881, be reversed and annulled, and that this cause be remanded to the said circuit court of Culpeper for further proceedings to be had therein in accordance with the foregoing opinion of this court and the views herein, in order to a

final decree, which is ordered to be certified to the said circuit court of Culpeper.

It is further decreed and ordered, that the appellee do pay to the appellants their costs by them in their behalf expended in the prosecution of their appeal aforesaid here.

HINTON, J., dissented.

DECREE REVERSED IN PART AND AFFIRMED IN PART.