BENJAMIN F. BORDEN, administrator, *vs.* AMY JENKS & others.

Bristol.    Oct. 28, 1885. — Jan. 11, 1886.    FIELD & C. ALLEN, JJ., absent.

If a testator, by his will, gives a pecuniary legacy to his widow, and she accepts such provision, a specific bequest of personal property, and, if that is insufficient, a specific devise of land, to other beneficiaries, must abate in favor of the legacy to the widow, if the abatement of the general legacies is insufficient for the purpose.

BILL IN EQUITY by the administrator with the will annexed of the estate of Charles Jenks, alleging that the testator died on February 17, 1882, leaving a will dated October 25, 1876; that on May 5, 1882, the will was admitted to probate, and letters testamentary were issued to the plaintiff, — George A. Jenks, named in said will as executor, having declined the appointment; that the will contained the following provisions: "First. I give and bequeath unto my wife, Amy Jenks, my new dwelling-house and the garden lot belonging to the same, for and during her life, also her necessary firewood, and the keeping of one cow, to be furnished to her from my homestead farm by my executor hereinafter named. I also give to my wife absolutely all my household furniture and indoor movables, and the sum of two thousand dollars.    Second. I give and bequeath

unto my son George A. Jenks my homestead farm, and also my new dwelling-house and garden lot after the decease of my said wife, to him and his heirs forever. I also give to the said George all my farming tools, live stock, carriages, wagons, carts, harnesses, and the sum of three thousand dollars in money ; " that the will also gave legacies to the testator's other three children and a grandchild, and the residue of his estate to his four children equally; that the widow duly accepted the provisions of the will, in lieu of dower and other interests in said estate to which she would have been entitled by law in case the testator had died intestate ; that said estate was not sufficient to pay the debts and all the legacies in full, but was more than sufficient to pay the debts and legacy to the widow in full; that the widow contended that the legacy given to her must be paid in full by the plaintiff out of said estate, without regard to the other legacies given by the will; that George A. Jenks contended that, inasmuch as the estate was not sufficient to pay all the legacies in full, Amy Jenks was not entitled to the full amount of the legacy given to her, and objected to the plaintiff's paying her said legacy in full, and averred that such payment, if made, would impair the amount of his and the other defendants' legacies.

The prayer of the bill was that the several defendants might be ordered to interplead and state their several claims upon the plaintiff in the execution of his trust, so that the court might instruct the plaintiff whether the claim of the widow to the full amount of her legacy should be allowed and paid to her by the plaintiff out of said estate, or what proportion should be paid her under said will ; and for further relief.

Hearing before *Field*, J., who decreed that the land devised and the personal chattels bequeathed to George A. Jenks by the second article of the will were not liable to abate or be taken for the payment of the pecuniary legacy of $2000 given to the widow by the first article of the will ; and from this decree Amy Jenks appealed to the full court.

*E. H. Bennett*, for Amy Jenks.

*T. M. Stetson*, for George A. Jenks.

DEVENS, J. The provision made for the widow by the testator is not in terms declared to be in lieu of dower ; but as, by

the statute of Massachusetts, when provision is made for a widow by the will of a deceased husband, she is not entitled to dower, unless it plainly appears thereby that such was the intention, her failure to waive the provisions of the will operates as an acceptance of them, and places her in the same position as if such provisions had been expressly declared to be in lieu of dower. Pub. Sts. c. 127, §§ 18, 20. *Towle* v. *Swasey*, 106 Mass. 100.

The widow is a purchaser for value in accepting the provisions of the will, and is not treated as a gratuitous object of the testator's bounty. By relinquishment of her dower, the estate acquires a valuable right of property. Whether the provision be more or less, so far as the testator, the widow, and all pure beneficiaries under the will are concerned, it is the right of the testator to affix what consideration he pleases for the relinquishment of dower, and for the widow to accept or reject it. Whether, as against creditors, a provision in lieu of dower far exceeding its value could be held good, need not now be discussed.

The right of the widow to a priority in the payment of the legacy which she takes in consideration of relinquishment of dower is so well established that it hardly requires the citation of authorities. *Burridge* v. *Bradyl*, 1 P. Wms. 127. *Blower* v. *Morret*, 2 Ves. Sen. 420. *Norcott* v. *Gordon*, 14 Sim. 258. *Williamson* v. *Williamson*, 6 Paige, 298, 304. *Pollard* v. *Pollard*, 1 Allen, 490. *Towle* v. *Swasey, ubi supra. Farnum* v. *Bascom*, 122 Mass. 282, 289. It seems to be equally established that, where a widow has no dower interest, as when she is provided for by a jointure or other settlement in lieu thereof, she obtains no precedence, but shares equally with other pecuniary legatees. *Roper* v. *Roper*, 3 Ch. D. 714. *Acey* v. *Simpson*, 5 Beav. 35.

It follows from these principles, that, where a wife is entitled, as she is under the laws of Massachusetts, to a share in the personal property of the husband, of which she cannot be deprived by will, the relinquishment of such right entitles her to receive the legacy given in consideration thereof in preference to those who are pure beneficiaries. *Farnum* v. *Bascom, ubi supra.* The position which she occupies in regard to such a legacy may be different, so far as creditors are concerned, as her right is independent of theirs in the one case, and subject thereto in the other.

It is not disputed, in the case at bar, that the widow is entitled to payment of her pecuniary legacy from the personal property which has been generally bequeathed, to the exclusion of the other legatees; but it is contended that neither the personal chattels specifically bequeathed to George A. Jenks, nor the land devised to him, should such personal chattels prove insufficient, can be applied to the payment of the legacy to the widow.

Whether one devise or bequest is to be postponed to another is a question of intention. The provision which a testator makes for his widow may be in any form he chooses, as the wife may or may not accept, as she pleases. It may be charged solely on personal or real estate distinctly specified; it may be made subject to, or preferred above, other legacies; or that which is given may be charged with payments or liabilities to others.

Where a specific thing is given, the legacy certainly differs from a general donation, which may be satisfied from many sources. If the thing exists, the donee receives it; if not, no other portion of the testator's property is charged with the payment of its value. The contention of George A. Jenks is, therefore, that, as the farm and personal property thereon were specifically devised and bequeathed to him, even if Mrs. Jenks was in a sense a purchaser for value in that she relinquished her right of dower and her rights in the personal property, which could not otherwise have been taken from her in favor of any pure beneficiaries, yet she is not entitled to look to the real and personal estate thus specifically bequeathed to others. The widow must be held to have accepted the provisions of the will according to their legal meaning; and the question therefore is whether the true interpretation is that they were or were not subject to the other specific legacies. The principle on which it is held that provisions of a will accepted by a widow are to be carried out, if necessary, to the exclusion of all pure beneficiaries, requires that the same rule should be applied where legacies are specific, there being no general legacies from which these provisions can be satisfied. So long as there are general legacies, the specific legacies should be relieved; but, as the provision for the widow satisfies a legal demand against the estate which could not otherwise be met, it should properly take precedence of everything which is pure bounty. *Pollard* v. *Pollard, ubi supra.*

That specific legacies must be held to abate, as well as general legacies, in favor of the provision made for a widow, appears to have been distinctly held in *Loocock* v. *Clarkson*, 1 Desaus. Eq. 471, in *Stuart* v. *Carson*, 1 Desaus. Eq. 500, and in *Clayton* v. *Aikin*, 38 Ga. 320.

In other cases, where some of the legacies were specific and others general, it has been held that the provision for the widow was entitled to priority, apparently without suggestion that any difference could exist between the two classes, so far as this priority was concerned, whatever difference there might be among the legatees *inter sese*. *Reed* v. *Reed*, 9 Watts, 263. *Lord* v. *Lord*, 23 Conn. 327.

The statement of facts in *Pollard* v. *Pollard*, *ubi supra*, terms the other bequests "specific," but, as the first clause of the will provided that the executor should sell and convert into money all the real and personal property of the testator, it is probable that the word was wrongly used instead of "definite," or some similar term.     As the opinion does not deal distinctly with the question of priority, in case the other legacies had been of articles or parcels of property specifically described, the opinion cannot be said to be decisive of the question before us, but the principle there established is of great weight in determining it.   It is there decided that the widow always takes as a purchaser when she relinquishes her rights, and is not to be deemed merely a beneficiary in marshalling the assets.

A similar principle has been applied where a devise has been made to the husband by reason of his relinquishment of his legal rights in the personal property of the wife.   In *Farnum* v. *Bascom*, *ubi supra*, all legacies and devises were specific, including a life interest to the husband of the testatrix in her real estate, he not being a tenant by curtesy therein.   He was entitled to one half of her personal property; of this he could not have been deprived by her will, except with his own assent. Gen. Sts. *c.* 108, §§ 9, 10.   His assent was accompanied by a devise to him of this life estate.   It was held that, until all the other specific legacies and devises were exhausted, no resort for the payment of debts could be had to the life estate devised to the husband.   It was further said that it was not important whether that which the husband was to receive was or was not

an exact equivalent of that which he relinquished. It was sufficient if the testatrix saw fit so to treat it. In *Farnum* v. *Bascom*, the devise to the husband was indeed specific, but the ground upon which it was given a priority over other specific legacies, they being required to contribute to the payment of the debts, while it was not, equally exists' when the legacy is general in its terms. It is a testamentary gift founded on a valuable consideration, and is thus entitled to preference. *Richardson* v. *Hall*, 124 Mass. 228.

In *McLean* v. *Robertson*, 126 Mass. 537, a legacy of a fixed sum of money was given by a testatrix, in consideration of a debt which she deemed it her duty equitably to pay. There were also other bequests of specific sums of money to pure beneficiaries. It was held that the language of the will, by which all the specific bequests of money were to abate proportionally in case of a deficiency of assets, was not to be applied to this legacy, in view of the intention of the testatrix to pay a debt by it which she held it incumbent on her to do.

It is contended on behalf of George A. Jenks, that the true meaning of the gift is as if it were written, " I give to my widow $2000 out of my personal estate not specifically bequeathed." But, in view of the valuable consideration she pays, she is to be treated as a quasi creditor; and, as the gift relieves the estate of the testator from a proper charge thereon, the testator must be held to have intended, in the absence of direction to the contrary, that it should be paid out of any property which he had to bequeath or devise, of course in the order in which that property was properly to be subjected to charge. The legacy of personal chattels specifically bequeathed to George A. Jenks must therefore abate, and, if necessary, the specific devise of the land, in order to satisfy the legacy to the widow.

*Decree accordingly.*