# Richmond.

## SMITH v. MASON'S EX'OR ET ALS.

### March 9th, 1893.

1. LEGACIES—*Personalty.*—The personalty is the only fund liable to the payment of legacies, unless they are charged upon the realty by express direction or necessary implication.
2. WILLS—*Legacy—Real estate—Case at bar.*—By second clause of his will, testator directed that one thousand dollars out of his personal estate be paid, within not more than one year after his decease, to his cousin. By a codicil, he mentioned five five-hundred-dollar railroad bonds, out of which the executor was empowered to pay the legacy. By third clause, he directed all his real and personal estate to be sold, and the proceeds invested for certain purposes. Before his death, testator disposed of the bonds, and invested the proceeds in real estate. The personal estate was exhausted in the payment of his debts.

HELD :

    The legacy was not charged upon and payable out of his real estate.

Appeal from decree of circuit court of city of Alexandria, rendered at March term, 1891, in a cause wherein Nina Smith, by her husband and next friend, Allen Smith, was complainant, and George Mason's executor and others were defendants. The decree being adverse to the complainant, she appealed. Opinion states the case.

*J. K. M. Norton,* for appellant.

*J. M. Johnson,* for appellees.

LACY, J., delivered the opinion of the court.

The controversy is as to the true construction of certain parts of the will of George Mason, deceased.

In the said will the testator, after providing for the payment of debts and funeral expenses in a first clause, provided in the second clause as follows :

" I direct one thousand dollars to be realized out of my personal estate, as soon as possible without causing any temporary inconvenience to my mother's support, but not to be delayed more than one year after my decease, at any rate, and then paid over to my dear cousin, Nina Stuart, daughter of the late S. F. Stuart, as a testimony of my affection and esteem for Nina."

· In a codicil added to the will the testator mentions five five-hundred-dollar railroad bonds, out of which he empowers his executor to pay the legacy provided for in the second clause.

By the third clause the testator devised all his estate, real and personal, or of any description, to a trustee, to sell the real estate and invest the proceeds in bonds or first-lien mortgages, to produce a good interest, for certain designated purposes, other than the execution of the said second clause.

The bill filed by Nina Stuart, by her next friend, she having intermarried with one Allen Smith, sets forth that the bonds designated as the fund for the payment of the legacy had been disposed of by the testator before his death, and the proceeds invested in real estate, and that the personal estate was alleged to have been exhausted in the payments of debts, but that her legacy was a charge upon the real estate.

The executor demurred to that part of the bill which charged that the legacy in question was a charge upon the real estate, and, answering, filed his settled account as executor, showing the administration of the personal estate, leaving only a small amount of money belonging to the estate—to-wit, forty-nine dollars.

The circuit court, by the decree appealed from, sustained the demurrer to the bill in so far as it claimed that the legacy

was a charge upon the real estate of the testator, and decreed payment by the executor of the sum shown to be in his hands, to the plaintiff, in part satisfaction of her legacy.

The question, therefore, involved in this appeal is whether the said legacy is a charge upon the real estate of the testator, George Mason, under his said will.

The will directs the legacy in question to be paid out of the personal estate, and the said legacy is not only not charged by the will upon the real estate, but the real estate is devised for a different purpose. Judge Staples, speaking for this court, in *Crouch* v. *Davis*, 23 Gratt. 94, announces the general rule on this subject as: "It is universally conceded that, as a general rule, the personal estate is the natural primary fund for the payment of legacies. Whether they are chargeable on the land, when the personal property proves deficient, is always a question of intention. When the charge is not created in express terms, it may be established by implication."

The same learned judge, in the same case, says further: "Thus it has been held, in numerous cases, that when legacies alone are first given, and no part of the real estate is specifically devised, and there is a residuary clause, devising and bequeathing the residue of the real and personal estate, this operates to charge the entire property with the legacies. This rule of interpretation is founded upon the idea that the testator, in blending his real and personal estate into a common fund, plainly manifests his purpose to make no distinction between them."

In the Amer. and Eng. Ency. of Law, Vol. XIII., p. 110, it is said : " The personalty is not only the primary, but the only fund liable for the payment of legacies, unless they are charged upon the realty by express direction or by necessary implication. What language will amount to an express charge must always be a matter of construction and interpre-

tation, depending upon the terms employed in each individual case. A charge will be implied if the language of the will indicates that the testator intended the legacies to be paid, knowing that his personal estate would be insufficient for that purpose, or if it appear that in giving the legacies he had the real estate in mind."

In this case the bequest is of a certain sum of money, to be realized out of the personal estate, and in a codicil a particular fund is pointed out, and the executor is empowered to pay the legacy out of this.

In the third clause the testator provides, after directing this legacy to be paid out of the personal estate : " I next desire all my estate, real and personal, or of any description whatever, to," &c. This is a devise to the executor upon certain stated trusts. And if the legacy had been given generally, without direction as to the fund for its satisfaction, then it would seem to come within the reasoning of *Crouch* v. *Davis*, *supra*, and *Wood* v. *Sampson*, 25 Gratt. 847.

But here we are not left to construction as to the intention of the testator as to the fund out of which this legacy is to be paid. And in that respect only does this case appear to be distinguishable from the late case in this court of *Lee* v. *Lee*, 88 Va. 809, where it was held that the intention of the testator to charge the legacy on the personalty was deducible from the circumstances therein.

The legacy having been directed to be paid out of the personalty, the personalty was exhausted in its discharge, and, as there are no directions in the will, nor expressions from which an intention can be deduced, to charge the real estate with its payment, we are constrained to affirm the decree of the circuit court, which refused to charge it upon the real estate.

FAUNTLEROY, J., *dissented.*

DECREE AFFIRMED.