Davis, C. J.
(dissenting). I regret that I am unable to concur with the majority, either in their theory of this case or in the judgment. I do not think that section 5973, Revised Statutes of Ohio, controls this case; because I do not think that a testator’s provision for his widow, in lieu of dower, if accepted by her, constitutes her a “devisee or legatee.” That a widow in such case is not a volunteer, but a purchaser for a valuable considera *92 tion, has long ago been settled and generally understood. Heath v. Dendy, 1 Russ. Ch. Rep., 543; Isenthart v. Brown, 1 Edwards (N. Y.) Ch. Rep., 411; Wood v. Vandenburgh, 6 Paige, 277; Security Co. v. Bryant, 52 Conn., 311; Hubbard v. Hubbard, 6 Metc. (Mass.), 50; Pollard v. Pollard, 1 Allen (Mass.), 490; Borden v. Jenks, 140 Mass., 562; Thomas v. Harrison’s Exr., 1 Md., 296; Reed v. Reed, 9 Watts (Pa.), 263, are precisely in point, and many other cases cited for plaintiff in error recognize the same principle. See also 2 Williams on Executors (7 Am. ed.), *1217-1218; Page on Wills, sec. 776; and Beach on Wills, sec. 144. “When particular words and phrases have in law acquired a fixed legal signification, and are thus incorporated into a statute the legal presumption is that the legislature meant to use them in this legal sense.” Turney v. Yeoman, 14 Ohio, 207; Gray v. Askew, 3 Ohio, 466; Grogan v. Garrison, 27 Ohio St., 50, 63; Palmer, v. Barby, 64 Ohio St., 520, 529. See also 2 Lewis’ Sutherland on Statutes (2 ed.), sec. 398; 26 Am. & Eng. Ency. Law (2 ed.), 607: Thus a widow when a Jevise is made to her in lieu of dower would be excluded from the operation of the statute. In my opinion it does not answer this view of the case to say that the legislature may have had this state of the law in mind and intended to provide that all persons taking under a will should contribute to the payment of the testator’s debts; for Lord et al. v. Lord et al., 23 Conn.,. 327, cited in the majority opinion, was decided upon a statute substantially like our section 5973 (see p. 338), and as the court was not unanimous the statute seems to have been afterwards amended to avoid the construction of *93 the majority of the. court, inserting the words, £ ‘ except the widow where the devise is made in lieu of dower.” Besides, this view imputes to the legislature the deliberate intention of working the rank injustice of subjecting the widow’s portion to the payment of the husband’s debts in cases where, through had advice or ignorance, she releases her dower and accepts in lieu of it the provision in the will, which may leave her without a dollar in lieu of her dower. In other words under such a construction of the statute, the husband’s creditors, who could not subject the widow’s dower, may take every dollar of that which she may he led to accept in lieu of it. That never was the law before the statute and I would not impute such an unrighteous intention to the legislature in the enactment of it.
Price, J., concurs in the dissenting opinion.