# Wytheville.

## S. O. DAVIS V. CELESTIA R. DAVIS, ET ALS.

June 12, 1924.

1. WILLS—*Legatees and Devisees—Legacy not a Charge on Lands Specifically Devised.*—A legacy is not a charge upon land specifically devised unless the testator has made it so in express terms or by implication.

2. WILLS—*Construction—Legacy in Lieu of Wife's Statutory Rights—A Charge Upon Specific Devises.*—A testator left his wife the sum of $3,000.00, "absolutely, which shall be in full of all her claims against my estate, as my wife." The testator must have known that in order to take under the will the wife must give up all her dower rights and surrender all claims to his personal estate. The testator must have known that his personal estate was grossly inadequate to pay the bequest to his wife. It cannot be assumed that when the testator bequeathed the legacy absolutely, that he meant to lull his consort into a state of security until the passing of the period provided by the statute for the renunciation of the will, and then at the expiration thereof, leave her penniless. The testator, therefore, must have intended that the provision for the wife should be a charge upon the specific devises of real estate.

3. WILLS—*Election by Widow—Widow a Purchaser for Value—Legacy to Widow a Charge Upon Specific Devises.*—By operation of law, when a widow elects to accept the provisions of the will, she thereby becomes, *ipso facto,* a *purchaser for value,* and is entitled to priority over the other named legatees and devisees who are denominated by the law writers as "volunteers," or "pure beneficiaries," or "mere objects of the testator's bounty." She becomes in equity a creditor of the testator's estate to the extent of such legacy, and devisees and specific legatees are alike liable to contribute to the payment of her claims. And it is immaterial that the legacy given the widow may exceed her dower rights.

4. WILLS—*Election by Widow—Widow a Purchaser for Value—Legacy to Widow a Charge Upon Specific Devises.*—In the instant case a legacy by testator to his widow absolutely in full of all claims upon his estate was held to be a charge upon specific devises where the personalty was inadequate to satisfy the legacy, notwithstanding the fact that other legacies were specifically made a charge upon the testator's lands, whereas the legacy to the widow was not.

5. MASTER IN CHANCERY—*Report—Remand for Further Report.*—In the instant case appellant contended that the evidence showed that if liable at all he was liable for much less than the sum ascertained by the decree. There had already been two references to a commissioner, who, after allowing all credits and after a careful investigation, reported the sum due the appellee, which amount was entered as the judgment of the court.

*Held:* That a remand for a further reference would but prolong the litigation.

Appeal from a decree of the Circuit Court of Pittsylvania county. Judgment for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Geo. T. Rison* and *Scott & Buchanan,* for the appellant.

*Harris & Harvey,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

For convenience, the parties will be referred to as appellant and appellee.

S. B. Davis, a resident of Pittsylvania county, on the 15th day of April, 1916, made and published his last will and testament, and died some time between that date and June 22, 1916.

This will is as follows:

"I, S. B. Davis, of Pittsylvania county, Virginia, being of sound mind and disposing memory, do hereby make, declare and publish this writing to be my last will and testament, hereby revoking any and all wills heretofore made by me.

"1st. I direct my executor, hereinafter named, to pay all my just debts, if there be any due by me, at the time of my death.

"2nd. I give and bequeath unto my wife, Celestia Davis, the sum of three thousand dollars absolutely, which shall be in full of all her claims against my estate, as my wife. And I also give her my horse and buggy, cook stove, sideboard, dining room table, and table-ware, one bed and bed clothing, and sewing machine and other small articles she may select, including one cow.

"3rd. I give, bequeath and devise to my daughter, Rose I. Smith, that part of my real estate on the west side of Southern Railway Company, including the residence and outhouses, and supposed to contain about one hundred acres, but the said Rose I. Smith shall pay to S. B. Davis, Jr., the sum of two hundred and fifty dollars, which said sum shall be and is hereby made a charge and lien on the land devised under this clause. I also give to my said daughter all my furniture in the parlor, including my piano, except rug, two tables and one rug, and my said daughter shall give to my son S. O. Davis, a right of way through her land to the public road.

"4th. I give, bequeath and devise to my son, S. O. Davis, that part of my home tract of land which lies on the east side of Southern Railway Company track, and the said S. O. Davis shall pay to S. B. Davis, Jr., two hundred and fifty dollars, which shall constitute and be a lien and charge on this tract of land. And I also give to S. O. Davis my desk.

"5th. I give, bequeath and devise to my son, S. B. Davis, Jr., my tract of some 100 acres of land, on waters of Little Cherrystone creek, adjoining the lands of L. R. Blair and others and being the same tract of land which I acquired from Dr. Richard White, and my said son is to receive from the lands I devised to my daughter Rose I. Smith and S. O. Davis, five

hundred dollars, or $250.00 from each of said tracts. I also give to my son S. B. Davis, Jr., my silver pitcher, and bureau in chamber.

"6th. All the balance and residue of my said estate to my three children above named equally.

"7th. I hereby nominate and appoint as executor of this my last will and testament, James L. Treadway, of Chatham, Va., and request the court not to require of him any security as such executor.

"Given under my hand this 15th day of April, 1916.

"Subscribing witnesses:                    "S. B. Davis.
    "J. L. Carter,
    "E. P. Crider."

By the second clause of the will Celestia R. Davis, wife of the testator, is bequeathed the sum of $3,000.00, *absolutely*, in full of all claim against the estate.

James L. Treadway, who was nominated and appointed executor, after qualifying, paid to the appellee the sum of $450.00 and also turned over to her personal property of the value of $49.00. As the personal property was insufficient to discharge the legacy, there was left a balance due of $2,501.00.

Mrs. Rose I. Smith, a daughter of testator and beneficiary under clause three of the will, and S. B. Davis, Jr., a son of testator and beneficiary under clause five of the will, recognized the claim of appellee (their mother) as a charge upon the land devised them and paid her the respective sums due by them.

Appellant, beneficiary, under the fourth clause of the will declined to pay the remaining one-third alleged to be due to his mother.

Thereupon, appellee filed her bill of complaint against appellant, praying the court to ascertain the amount

due her by appellant, and to declare the amount so found due to be a charge and lien upon the land devised to appellant and to subject the said land to the payment of her debt.

The bill of complaint was answered by the appellant and the following defense relied on:

"Respondent further answering, denies that the legacy bequeathed to complainant as aforesaid is a lien or charge upon the land devised as aforesaid to him. He denies that the testator intended that it should be a lien or charge upon respondent's land. Respondent says that the said will of testator was drawn by James L. Treadway, *a learned attorney at law*, who would have made the legacy to complainant a lien and charge upon the land of respondent, if the testator had so designed or intended." (Italics added.)

On the 16th day of May, 1921, a reference to a master was decreed, and N. E. Clement was directed to take, state and report among other things, the following: "What sum or sums has been paid to the plaintiff, Celestia R. Davis, and the source from which such payments were derived, and the balance due on the legacy given her by the will of her late husband, S. B. Davis, deceased. What effects, if any, of the said S. B. Davis, deceased, remain unadministered in the hands of James L. Treadway, executor.   *   *"

After an exhaustive investigation, as shown by the depositions of witnesses, exhibits filed and calculations made, Commissioner Clement made his final report, which shows:

"An account of the assets that came into the hands of J. L. Treadway, executor of S. B. Davis, dec'd.

"By cash to him from Chatham Savings
  Bank_____$  765.64
"Amount due by S. O. Davis to C. R.
  Davis, May 20, '22_____    953.74."

Exceptions as to the items above set forth were filed to the report by counsel for appellant, which were overruled by the court; the report was confirmed, and a decree was entered in favor of appellee for the principal sum of $953.74, and decreed to be a lien on the lands of appellant devised to him by his father. It is this decree which is appealed from.

The assignments of error relied on by appellant are as follows:

(1) Because neither the pecuniary legacy of $3,000.00 in favor of the said Celestia R. Davis, nor any part thereof, was, either by the terms of the will of S. B. Davis, deceased, or by operation of law, made a charge upon the lands specifically devised to your petitioner, and he was in no wise liable therefor; the learned court below erred in so holding.

(2) Because if it be held that the said legacy was a charge upon said lands, and your petitioner was on that account liable for the balance due thereon, yet the evidence showed the balance for which your petitioner would then be liable is much less than the sum ascertained by said decree and adjudged to be paid by your petitioner.

The main question for the determination of the court is, whether the legacy of $3,000.00 bequeathed to the appellee, constitutes a charge upon the land devised to appellant.

As far as our investigation leads us, the question here involved seems to be one of first impression in this jurisdiction.

[1] It is conceded that the general rule is that a legacy is not a charge upon land specifically devised unless the testator has made it so in express terms or by implication.

In *Todd* v. *McFall*, 96 Va. 754, 32 S. E. 472, Riely, J.,

speaking for the court, says: "It is universally conceded that as a general rule the personal estate is not only the primary but the only fund for the payment of legacies. It is equally a general rule that the real estate is not chargeable under the law with their payment, if the personal estate proves insufficient, unless the testator has charged the land with their payment. This he may do either in express terms or by implication, but the intention to do so must be clear and manifest."

While we concede that the rule laid down is *general,* we do not concede that the authority cited holds that the rule is *universal.* To every general rule there is an exception. Is there an exception in the instant case? We are of the opinion there is.

[2] When the testator (speaking through Treadway, "a learned attorney at law," as contended in the answer of appellant) bequeathed to appellee the sum of $3,000.00, absolutely, in full of all her claims against the estate, he must have known that in order to take under the will she must give up all dower rights in his real estate and also surrender all claims to his personal estate.

There is not a word in the record which would indicate the desire or intention of the testator to place his wife in a subordinate position to his children. It is but fair to assume that testator not only knew the objects of his bounty, but also knew the amount of his personal estate and that the same was grossly inadequate to pay this bequest to the wife of his bosom. Surely the testator did not mean when he bequeathed the legacy "absolutely," to lull his consort into a state of security until the passing of the period provided by the statute for the renunciation of the will, and then, at the expiration thereof, leave her penniless.

[3] We are unwilling to concede that such was testator's desire.  Granted, however, that the will does not bear such a construction, still the claim of appellee must prevail.  By operation of law, when she elects to accept the provisions of the will, she thereby becomes, *ipso facto*, a *purchaser for value*, and is entitled to priority over the other named legatees who are denominated by the law writers as "volunteers," or "pure beneficiaries," or "mere objects of the testator's bounty."

The case of *Borden* v. *Jenks*, 140 Mass. 562, 5 N. E. 623, 54 Am. Rep. 507, is a case in point.  In the opinion the court said:  "The widow is a purchaser for value in accepting the provisions of the will, and is not treated as a gratuitous object of the testator's bounty.  By relinquishment of her dower, the estate acquires a valuable right of property.

"Whether the provisions be more or less, so far as the testator, the widow and all pure beneficiaries under the will are concerned, it is the right of the testator to affix what consideration he pleases for the relinquishment of dower, and for the widow to accept or reject it.

"Whether as against creditors a provision in lieu of dower far exceeding its value, could be held good, need not now be discussed.  The right of a widow to priority in the payment of the legacy which she takes in consideration of the relinquishment of dower is so well established that it hardly requires the citation of authorities."

While the question involved in the case of *Brown* v. *Brown*, 79 Va. 648, is not the question here involved, yet the opinion in that case discusses and defines the status of a wife, who receives a bequest from her husband in lieu of dower and her distributive share in his estate.  It is there said:  "In Virginia it would seem

to be clear that the wife could not be held to be a volunteer as to a legacy left her by the will of her husband.    If the husband is the best judge of the provision he is willing to make for her in lieu of her legal rights, it is her right to accept or renounce the provisions of the will as her views or her interest may suggest.    If the provisions made for her by her husband's will are such as she is willing to accept as compensation for her dower and her distributive share of the personal estate, she is entitled to do so, and *she takes the legacy as a purchaser and not as a volunteer,* because the provisions made for her by the will may have restrained her from renouncing the will and receiving her share, as if the husband had died intestate."    (Italics supplied.)

To the same effect in a note to *Brill* v. *Wright*, 8 Am. St. Rep. 717, on page 725, Judge Freeman says:  "A legacy in lieu of dower, accepted by election, is so far based upon a valuable consideration that it has priority over all other legacies, and will not abate with them. The widow in such case is regarded as a purchaser and stands on the same footing with creditors."

Further on in the same note we read:  "A widow's right of dower is superior to the claim of creditors as well as those of legatees and devisees, but where she accepts the legacy in lieu of dower, she places herself on the same footing with creditors."    Citing *Steele* v. *Steele*, 64 Ala. 438, 38 Am. Rep. 15.

In a note to the case of *Allen* v. *Tressenrider*, 2 Ann. Cas. 974, at page 976, it is said:  "Nothing is better settled than that the wife is a purchaser of a legacy which she claims under a will in lieu of her dower.    At the death of the testator, she has the legal right to her dower.    It overtops all legacies, specific as well as general.    It is a right superior even to the claim of creditors, and when she accepts the offer of exchange

tendered her in the will, and gives up her dower, she pays a valuable consideration for the portion which she accepts."

Again, on page 977, we read: "When a widow accepts a legacy left her in lieu of her dower in the lands and all her rights as widow in the estate of her husband, she becomes in equity a creditor of the testator's estate to the extent of such legacy, and devisees and specific legatees are alike liable to contribute to the payment of her claims." Citing *Addison* v. *Addison*, 44 Md. 201.

In a most excellent discussion of this question, in 28 R. C. L. 304, under the head of Wills, section 284, the doctrine is thus stated: "When a testamentary gift is made by a husband to his wife in satisfaction of her waiver of dower in his estate, the gift has a preference over all other unpreferred legacies, and will not abate with other specific legacies upon a deficiency of assets. It will even be given preference to specific devises. The theory is that a legacy in lieu of dower is based upon a valuable consideration so that the widow is regarded as a purchaser with the same standing as a creditor. It is immaterial that the legacy given to the widow may exceed the value of the dower, as the testator is the best judge of the price at which he will purchase the relinquishment of the dower."

[4] It is urged in the argument by counsel for appellant, that testator could not have intended the bequest to appellee to be a charge upon the lands devised, for the reason that while in the bequests to Mrs. Smith, S. B. Davis, Jr., and appellant he did make them specifically a charge upon said lands, yet in the case of appellee he did not do so.

To our mind the omission pointed out is a clear cut recognition of the distinction between the general rule laid down in *Brown* v. *Brown, supra,* in regard to

"volunteers" and the exception to the rule herein laid down in regard to a widow, who, as stated, *supra*, is "a purchaser for value." As the law charged the real estate with the payment of the legacy bequeathed to appellee, it was unnecessary to reiterate a legal proposition in a will.

The following cases have been cited in the petition of appellant as authority for his contention: *Lee* v. *Lee*, 88 Va. 805, 14 S. E. 534; *Todd* v. *McFall*, 96 Va. 754, 32 S. E. 472; *Smith* v. *Mason*, 89 Va. 715, 17 S. E. 3; *Armentrout* v. *Armentrout*, 111 Va. 348, 69 S. E. 333.

Upon a careful investigation of these cases, we do not think they are authority for the proposition contended for. In none of them does the question in the instant case arise. The court in each case cited was considering purely voluntary bequests, and not bequests for which a valuable consideration was given.

Counsel for appellant also cite a note, quoted from 3 Pomeroy's Equity, sec. 1142, which is as follows: "Legacy in lieu of dower is only entitled to preference in payment out of the personal property and is not a charge on the real estate."

Ordinarily, Pomeroy is excellent authority for any principle discussed, and we were surprised to see the quotation, which is out of harmony with the trend of all the authorities. An inspection of the authority cited, however, will show that the quotation is a parenthetical note, indicating that such was the holding in the case of *Sanford* v. *Sanford*, 4 Hun. (N. Y.) 753, and in that case only.

[5] Coming now to the disposition of the second assignment, we deem it sufficient to say that already there have been two references to a commissioner, who, after allowing all credits and after a careful investi-

gation, reports the sum due appellee, which amount was entered as the judgment of the court.

There is no suggestion that the account of Treadway, executor, was improperly managed. There is no suggestion that any fund belonging to the estate of S. B. Davis and not reported, in reality exists. Therefore, to remand the cause for a further reference would, in our opinion, but prolong the litigation without any substantial result being accomplished.

Upon the whole cause we find no error in the decree under review and it must be affirmed.

*Affirmed.*