500

# Wytheville

PARHAM CARTER, AN INFANT, BY ETC. V. EDWIN B. MEADE, TRUSTEE, ET ALS.

June 15, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*Harris, Harvey & Brown,* for the appellant.

*Meade, Meade & Talbott,* for the appellees.

HOLT, J., delivered the opinion of the court.

In this suit an attempt is made to charge real estate devised with a specific legacy.

The testator died in May, 1929. His will was written in September, 1925, and is as follows:

"I, E. T. P*a*h*a*m, being of sound and disposing mind, do make this my last will and testament, to-wit:

"Clause 1. I direct that all my just debts be paid.

"Clause 2. I give and bequeath unto my granddaughter, Harriet Carter, One Thousand Dollars ($1,000.00) and unto my grandson, Parham Carter, One Thousand Dollars ($1,-000.00), and direct that this money be used towards their education.

"Clause 3. I give and bequeath unto my son, E. Prince Parham, my gold watch.

"Clause 4. I give and bequeath unto my daughter, Grace P. Parham and my son, E. Prince Parham, all jewelry belonging to their mother and myself, and all the house-hold furniture, to be devided equally between them, and I do not desire an inventory taken of these things.

"Clause 5. I give and bequeath unto my daughter, Grace P. Parham and my son, E. Prince Parham, all the residue of my estate, whether it be real, personal or of any other *charter* and wheresoever it may be situated, in fee simple.

"Clause 6. It is my desire that the real estate now held by me, and willed herein to my daughter and son, shall be

devided between them and held by them as long as parac-
ticable. But, if they cannot agree on devision of the prop-
erty, then it is to be sold and the proceeds devided between
them.

"Clause 7. I nominate and appoint, C. L. Booth, of Dan-
ville, Virginia, as the executor of this, my will, and I request
that the Court before whom he shall qualify, will not re-
quire of him any surety on his bond.

"Given under my hand this the 15th day of September,
1925.

"E. T. PARHAM (Seal)."

The record is short, and consists, in its essentials, of the
bill and a demurrer thereto, which was sustained. One
thousand dollars was given to a granddaughter, Harriet
Carter. That has been paid. One thousand dollars was
given to the grandson, Parham Carter, and has not been
paid, nor was there any personal estate out of which it could
be paid after debts had been satisfied, but there is still under
control of the court proceeds sufficient from the sale of the
realty. Can this fund be so applied?

█ Bequests are not chargeable against devisees unless
the testator makes them so. His purpose must be plain.

█ In the leading case of *Todd* v. *McFall*, 96 Va. 754,
32 S. E. 472, 473, the testator gave to Catherine McFall
$3,000, "payable from my said estate." In that case, as in
this, the testator expressed the wish that his land be not
sold, certainly not for a time. Catherine McFall's bequest
was held not to be a charge upon the real estate. This court,
speaking through Riely, J., said: "It is universally con-
ceded that as a general rule the personal estate is not only
the primary, but the only fund for the payment of legacies.
It is equally a general rule that the real estate is not charge-
able under the law with their payment, if the personal estate
proves insufficient, unless the testator has charged the land
with their payment. This he may do either in express terms
or by implication, but his intention to do so must be clear
and manifest. And so in every case, whether the real estate

is charged with the payment of legacies is a question of intention. The intention to charge must be either expressly declared, or be clearly deducible from the language and dispositions of the will." *Lee* v. *Lee,* 88 Va. 805, 14 S. E. 534; *Smith* v. *Mason,* 89 Va. 715, 17 S. E. 3; *Davis* v. *Davis,* 138 Va. 682, 123 S. E. 538; *Marcy* v. *Graham,* 142 Va. 285, 128 S. E. 550, 554; 19 Am. & Eng. Enc. of Law (2d ed.), page 1350.

Indeed, we do not understand that this rule has been questioned. It is said, however, that circumstances at times make it inapplicable; that: "There is another rule of construction which is well settled in this State, and that is that where the language of a will combines real and personal estate in a residuary clause, a charge upon the real estate which is included in such residuum arises by implication for the satisfaction of the legacies previously given in the will, if such implication is not inconsistent with admissible extraneous circumstances or other provisions of the will itself." *Marcy* v. *Graham, supra.*

If the will in judgment ended with its fifth clause there might be some force in this contention, but when we come to look at clause six, we see that the testator said: "It is my desire that the real estate now held by me and willed herein to my daughter and son shall be divided between them and held by them as long as practicable, but if they cannot agree on division of the property then it is to be sold and the proceeds divided between them."

We have here a specific devise of real estate, together with directions that it shall be held as such as long as possible, and that when it did become necessary to sell it, proceeds therefrom should be divided between daughter and son.

It is clear from this that there was no purpose on the testator's part to blend his properties or to charge the legacies against the land. Not only does this appear from the language of the will, but it is intrinsically improbable. A man's children are his first concern, and gifts to them are

not to be diminished by gifts to others unless the intention is plain.

The decree appealed from is plainly right and is affirmed.

*Affirmed.*