# Richmond

W. B. Muse and Mattie B. Muse v. Minnie Muse.

November 24, 1947.

Record No. 3255.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Staples, JJ.

The opinion states the case.

*Henry T. Clement*, for the appellants.

*Eugene C. Hurt, Jr.*, and *Carrington Thompson*, for the appellee.

GREGORY, J., delivered the opinion of the court.

This appeal brings before the court for construction the will of S. P. Muse, formerly of Pittsylvania county. It was written on January 6, 1925, and Mr. Muse died on July 22, 1938. The will was duly admitted to probate on August 27, 1938, and is in this language:

"I, S. P. Muse, being of sound mind and disposing disposition do make this my last will and testament, as follows:

"Firstly: After my honest & just debts are paid, I will and bequeath unto my beloved wife, Minnie Muse, Seven thousand ($7,000.00) no/100 dollars in cash, and all the livestock, feed, farming implements, machinery, automobile, household and kitchen furniture.

"Secondly: I also will and bequeath unto my wife Minnie Muse the use of or rent from all my real estate and buildings as long as she lives.

"Thirdly: The balance of my personal property including moneys, stocks, bonds, accounts and etc. I will and bequeath unto my brothers and sister, share and share alike.

"Fourthly: At the death of my wife, Minnie Muse, I will and bequeath all my real estate, unto my brothers and sister, share and share alike.

"Witness my hand and seal this 6th day of Jan. 1925.

"S. P. Muse, (SEAL)."

The chancellor decided that Mrs. Minnie Muse, the widow, was entitled to the legacy of $7,000 under the first clause; that it was in lieu of her dower, and that a substantial portion of it, with legal interest, was a charge upon the real estate because the personalty was not sufficient to pay it in full. The chancellor also held that Mrs. Muse was entitled, in addition to the $7,000 legacy and interest, to the rents and profits from the real estate, and also to the small amount of $290.47 received from the sale of certain timber from the lands. The chancellor was also of the opinion that under clause number one the testator intended to give his widow all of his livestock, feed, farming implements, machinery, automobile, household and kitchen furniture. The decrees embodying the construction of the will as briefly outlined above are the subject matter of this appeal.

The relevant proceedings in the circuit court were a petition filed by Mrs. Muse on September 25, 1945, re-

questing the construction of the will; the answers filed by W. B. Muse and Mattie Muse, the appellants, and the depositions which had been taken and filed. The cause was referred to a commissioner in chancery and he was directed to take an account and report to the court the personal estate of which the testator died seized and possessed, and whether it was sufficient to pay the legacy and the interest thereon. He was also directed to report the realty of the testator at the time of his death and the fair market value thereof, and whether or not any moneys received by Mrs. Muse should be credited upon the $7,000 legacy. All of this was done by the commissioner, and his report, with certain exceptions not pertinent here, was duly confirmed by the court.

At the time the testator executed his will he owned a farm, a house, lot and store building, and had more than $15,000 in money, as well as certain other personal property. It was estimated that his total worth at that time was some forty thousand dollars. At the time of his death, some thirteen years later, he owned fourteen tobacco farms and had less than $7,000 in personal property. Maggie Rorer, a sister of Mrs. Muse, qualified on the estate and collected the assets, and after paying the charges of administration, disbursed them to Mrs. Muse, the widow, but, as we have said before, the assets did not pay the $7,000 legacy. A substantial portion of it remained unpaid.

Mr. Muse died without issue of any marriage, and the controversy here is between a brother and sister of Mr. Muse on the one hand and Mrs. Minnie Muse, the appellee and widow, on the other.

The principal question in this case is whether the $7,000 legacy was made to his widow by the testator in lieu of dower, and if so, whether it, or its unpaid portion, with interest, should have been impressed as a lien on the real estate.

The widow accepted the provisions made for her under the will. She did not renounce the will as she had the right to do. If she had renounced the will she would

have been entitled to her dower interest in the property. By accepting under the will she has terminated her dower estate.

The general rule is that the personal estate is not only the primary but the only fund for the payment of legacies. This rule is well stated in *Todd* v. *McFall*, 96 Va. 754, 32 S. E. 472—"It is universally conceded that as a general rule the personal estate is not only the primary, but the only fund for the payment of legacies. It is equally a general rule that the real estate is not chargeable under the law with their payment, if the personal estate proves insufficient, unless the testator has charged the land with their payment. This he may do either in express terms or by implication, but his intention to do so must be clear and manifest."

It is seen from the foregoing rule that it is subject to the exception that if the testator's intention to charge his realty with the payment of legacies is expressly declared or may be clearly implied from the whole will the realty will be so charged.

Where a legacy is bequeathed by the testator to his widow and she does not renounce the will but elects to take under it and the personalty is not sufficient to pay the legacy she is held to have accepted the legacy in lieu of dower and becomes a purchaser for value to its extent. This is in the nature of an exception to the general rule and arises by operation of law. The widow is entitled to priority over other legatees and devisees who have been designated as "volunteers" or "pure beneficiaries" of the testator's bounty, and in equity she also becomes a creditor of the testator's estate to the extent of the legacy. The other legatees and devisees are liable to contribute to the payment of her claim. This rule applies even though the widow's dower is less in value than the legacy. *Davis* v. *Davis*, 138 Va. 682, 123 S. E. 538, and *Everett* v. *First Nat. Bank*, 142 Va. 149, 128 S. E. 450.

The testator used no language in his will from which it fairly could be implied that he desired to subordinate his widow's position after his death to that of his brother and

sister. On the other hand the widow had the unqualified right to accept or renounce the will. She accepted it and thereby forever terminated her dower right which was a substantial interest in the estate. She is not a mere volunteer as are the other legatees and devisees. From her conduct in accepting the will it is clearly manifest that she intended the legacy to be in lieu of her dower. It is also clear that the testator is conclusively presumed to have known when he wrote the will that his widow, after his death, would have the right to take her dower and renounce the will or accept the will and relinquish her dower. This he knew from the time he wrote the will until his death. The clear implication is that he intended to give her this choice. When she released her dower the estate acquired a valuable right of property.

In *Davis* v. *Davis*, *supra* (138 Va. at p. 689) appears this quotation from a Massachusetts case (*Borden* v. *Jenks*, 140 Mass. 562, 5 N. E. 623, 54 Am. Rep. 507): "The widow is a purchaser for value in accepting the provisions of the will, and is not treated as a gratuitous object of the testator's bounty. By relinquishment of her dower, the estate acquires a valuable right of property.

"Whether the provisions be more or less, so far as the testator, the widow and all pure beneficiaries under the will are concerned, it is the right of the testator to affix what consideration he pleases for the relinquishment of dower, and for the widow to accept or reject it.

"Whether as against creditors a provision in lieu of dower far exceeding its value, could be held good, need not now be discussed. The right of a widow to priority in the payment of the legacy which she takes in consideration of the relinquishment of dower is so well established that it hardly requires the citation of authorities."

See also, *Brown* v. *Brown*, 79 Va. 648.

The case of *Davis* v. *Davis*, *supra*, was followed by *Everett* v. *First Nat. Bank*, *supra* (142 Va. 149, 128 S. E. 450). There may be slight differences between the facts

in these cases and the facts in the case under consideration but these differences are immaterial. The legal principle controlling in those cases is applicable and controlling here.

The chancellor allowed the widow interest on the legacy of $7,000 from one year after the death of the testator. This action is challenged by the appellants. They contend that she has had possession of all the real estate since the testator's death and has collected the rents and profits during that time and that the real estate constituted the only source from which the interest could have been paid. She is charged with acquiescing in the delay in the payment of interest in electing to hold the possession of the real estate.

■ We find no merit in appellants' contention. The testator gave the widow "the use of or rent from all my real estate and buildings as long as she lives." Under the language of this gift she was entitled to the income, rents and profits from all of the real estate for her lifetime. She was also entitled to the legacy of $7,000 and interest thereon from one year after the date of the testator's death. See *Domestic, etc., Missionary Soc.* v. *Crippled Children's Hospital*, 163 Va. 114, at pp. 134-135, 176 S. E. 193. Also, see *Rosenberger* v. *Rosenberger*, 184 Va. 1024, at pp. 1035-1036, 37 S. E. (2d) 55, where many of the cases are collected and discussed.

The General Assembly of 1947 has made statutory the rule which has been applied in the cases referred to. See Acts of Assembly, Extra Session 1947, at p. 63. This Act will be carried in the Code as sec. 5241a. This case, however, is controlled by our former decisions rather than the statute, because it arose at a time previous to the effective date of the statute.

We find no reversible error in the decrees of the court and they are therefore affirmed.

*Affirmed.*